EL PUEBLO DE PUERTO RICO, demandante y apelado, v.
MIGUEL TRUYOL, JR., acusado y apelante.

No. 3077.—*Visto:* Febrero 3, 1927. *Resuelto:* Marzo 9, 1927.

1. LICENCIAS—POR OCUPACIONES O PRIVILEGIOS—PROCESOS Y CASTIGOS—ACUSA-
CIÓN O DENUNCIA—SU SUFICIENCIA—MANEJO DE AUTOMÓVIL SIN LICENCIA.—
Una denuncia que imputa el manejar un automóvil sin licencia por una calle
de una ciudad imputa un delito público.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—ERRORES NO
PERJUDICIALES—ELIMINACIÓN DE PRUEBAS—HECHOS A QUE SE REFIERE LA
PRUEBA ESTABLECIDOS POR OTRA PRUEBA.—En proceso por manejar un auto-
móvil sin licencia, la negativa a eliminar evidencia relativa a la falta de
licencia no constituye error perjudicial cuando, con posterioridad, el mismo
testigo y otro, sin oposición por parte de la defensa, declaran sobre la falta
de tablillas en la fecha de la denuncia y la ostentación posterior de aquéllas.

3. LICENCIAS—POR OCUPACIONES O PRIVILEGIOS—PROCESOS Y CASTIGOS—DE LA
EVIDENCIA—FALTA DE LICENCIA.—En proceso por manejar un carro sin licen-
cia, la ausencia total de tablillas puede considerarse como prueba *prima facie*
de la no existencia de una licencia para el año fiscal en curso.

4. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—ERRORES NO
PERJUDICIALES—ADMISIÓN DE PRUEBA OBJETADA—MANIFESTACIONES O ADMI-
SIONES DEL ACUSADO—SU ADMISIÓN ANTES DE PROBARSE EL "CORPUS DE-
LICTI".—Si bien el *corpus delicti* debe probarse antes de presentarse mani-
festaciones o admisiones extrajudiciales del acusado, en ausencia de perjuicio
u otra irregularidad, la admisión de la prueba no es fatal si finalmente,
aunque sea con prueba *prima facie* o indiciaria, se establece la comisión del
delito independientemente de las supuestas admisiones.

SENTENCIA de *Rafael López Antongiorgi*, J. (Guayama), condenando
al acusado por infracción al Art. 2, inciso A de la Ley de auto-
móviles. *Confirmada.*

*C. Domínguez Rubio*, abogado del apelante; *José E. Figueras*, abo-
gado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

[1] El artículo 2 de la Ley para reglamentar el uso de
vehículos de motor en Puerto Rico, y para otros fines (Le-
yes de 1916, página 144), dispone, entre otras cosas, lo si-
guiente: "Será ilegal el manejar cualquier vehículo de mo-
tor en un camino público de Puerto Rico sin tener licencia
para ello, expedida por el Comisionado del Interior." El
artículo 1 de dicha ley expresamente dispone que el término

"camino público" significará cualquier camino, insular o municipal, o cualquier calle o callejón de cualquier municipio.

La contención del apelante de que una denuncia imputando el manejar un automóvil sin licencia por una calle de una ciudad, no imputa un delito público, evidentemente pasa por alto la definición estatutoria del término "camino público."

[2, 3] Una cuestión algo más plausible es la siguiente:

"La Corte erró al aceptar con la oposición del acusado, prueba inferior en categoría a aquella que debió producirse para demostrar que el automóvil que el acusado guiaba no estaba inscrito en el Departamento del Interior de Puerto Rico; permitiendo que el testigo declarara sobre hechos que el acusado había manifestado, en vez de aportar la mejor prueba en relación con lo que se declaraba y aceptando además admisiones y confesiones del acusado sin que antes se hubiera probado el corpus delicti independientemente de la confesión del acusado."

En apoyo de este último aspecto de la apelación, que es más serio, el apelante cita tres casos de California, así como la doctrina en ellos enunciada, como sigue:

"Cuando la única prueba sobre el corpus delicti consiste en la mera confesión del acusado, se comete error al condenarlo. *People* v. *Long,* 1 Cal. Unrep. 710."

"No es esencial, al establecerse el corpus delicti, que haya prueba directa sobre los elementos constitutivos del mismo; pero es suficiente que todos los elementos que constituyen el delito se le hayan puesto de manifiesto al acusado por medio de prueba circunstancial, que justifique al jurado rendir un veredicto de culpabilidad, sin tener en cuenta las admisiones y confesiones hechas por el acusado. People v. Rowland, 12 Cal. App. 6, 106 Pac. 428."

"El *corpus delicti,* que envuelve todos los elementos del delito, debe establecerse independientemente de la evidencia que meramente tienda a conectar al acusado con el delito imputádole; y las admisiones o confesiones del acusado no pueden considérarse como prueba del *corpus delicti,* ni pueden utilizarse para establecer cualquier elemento necesario para la comisión del delito. *People* v. *Tapia,* 131 Cal. 647."

"El término '*corpus delicti*' envuelve los elementos del delito;

y, para probarlo, deben establecerse los elementos del delito antes de que puedan admitirse las confesiones del acusado para cualquier fin, y éstas no pueden usarse para establecer ninguno de los elementos necesarios para la comisión del delito. *People* v. *Simonsen*, 107 Cal. 345, 40 Pac. 440.''

El fiscal prácticamente pasa por alto este importante aspecto del presente caso y tenemos poco tiempo para dedicarlo a una investigación independiente, aún en casos de mayor importancia que el que nos concierne.

Durante el juicio, un policía declaró que había formulado denuncia contra el acusado por manejar un automóvil sin licencia.

El acusado solicitó la eliminación de tal manifestación por el fundamento de que la mejor prueba para demostrar el hecho de que el carro no tenía licencia era una certificación negativa del Departamento del Interior.

La corte admitió que el abogado defensor estaba en lo cierto, en ausencia de otra prueba, pero se dispuso a investigar los motivos que tuvo el testigo para hacer tal manifestación.

El testigo entonces declaró que el carro no llevaba tablillas; que él paró al acusado y le preguntó por qué estaba guiando el automóvil sin tablillas, y el acusado le contestó:

''. . . . que guiaba el carro ese porque él había mandado el dinero a San Juan con un individuo para comprar las tablillas, pero que parecía que el individuo ese se había metido en fiesta y había gastado los chavos y no había venido.''

Después de hacer esta relación sobre la admisión imputádale al acusado, el policía manifestó que por eso fué que dedujo que el carro no tenía licencia.

El abogado del acusado entonces insistió en la ''eliminación,'' sin hacer ninguna otra referencia específica a determinada parte de la declaración, por el fundamento de que la falta de tablilla era una conclusión del testigo. La corte declaró sin lugar la moción, y el acusado anotó excepción.

Evidentemente, la cuestión aquí levantada no iba dirigida a la admisibilidad de la evidencia en cuanto a la ausencia total de las tablillas.

El testigo a que hemos hecho mención anteriormente después repite la manifestación de que el carro, en la fecha especificada en la denuncia, no tenía tablillas, sino que apareció nuevamente algunos días después caminando por las calles provisto de las mismas.

El jefe de distrito de la Policía Insular fué también un testigo ocular en cuanto a la detención del carro, la falta de tablillas y la ostentación posterior de tales tablillas. El artículo 3 de la referida ley lee como sigue:

"Artículo 3.—(a) Al recibirse dicha solicitud y pagarse los derechos que más adelante se determinan, el Comisionado del Interior asignará un número al vehículo, y expedirá una licencia y placas conteniendo dicho número y las letras P. R. las cuales se exhibirán siempre en el vehículo cuando esté funcionando. En el caso de una motocicleta, sólo se suministrará una placa, y en los demás casos, dos. Dichas placas tendrán por lo menos quince pulgadas de largo y seis pulgadas de ancho, y los caracteres cuatro pulgadas de altura, y sus rasgos no menos de media pulgada de ancho. Los colores de los caracteres y los de la superficie de las placas contrastarán fuertemente, y el color de las placas para cada año económico sucesivo será distinto del usado el año precedente. La placa de número de una motocicleta podrá ser de ocho pulgadas de largo con caracteres en proporción al tamaño, y será fijada en la parte posterior del vehículo en posición horizontal y de manera que no se balancee.

"(b) Las placas de número de otros vehículos de motor serán colocadas una al frente y la otra en la parte posterior, en forma tal que sean visibles claramente a una distancia de cincuenta pies en la dirección hacia la cual o desde la cual marcha el vehículo, con los caracteres perpendiculares a los ejes del mismo, y de modo que no se balanceen.

"(c) Durante las horas en que se exija a los vehículos de motor llevar luz, la placa de número posterior será alumbrada de manera que el número pueda leerse a una distancia de cincuenta pies en la dirección desde la cual marche el vehículo de motor, y todas las placas de número deberán conservarse suficientemente limpias para que pueda leerse fácilmente el número.

"(*d*) No se exhibirán en el exterior de ningún vehículo de motor otras placas de número que las prescritas por los artículos 4 y 7 de esta Ley.

"(*e*) Las placas de número son propiedad de El Pueblo de Puerto Rico y serán devueltas al Comisionado del Interior a la terminación del año económico por el cual se expidieron; *Disponiéndose,* que cuando así no se hiciese se dejará la cantidad de un (1) dólar en depósito por cada juego de placas cuya suma podrá ser reembolsada al interesado si devolviere dichas placas dentro de los noventa días subsiguientes a la terminación del año económico para el cual fueron expedidas, de lo contrario tales depósitos serán confiscados.

"(*f*) Podrán expedirse licencias duplicadas de acuerdo con las reglas que estableciere el Comisionado del Interior. Si fuere practicable, el Comisionado del Interior podrá suministrar placas de número duplicadas para reemplazar las perdidas o inutilizadas. Si no lo fuere, podrá expedirse un nuevo juego de placas con un nuevo número.

"(*g*) En el caso de que un automóvil quedare inservible antes de la expiración de la licencia expedida para cualquier año económico, y el valor de los derechos de la licencia no vencida excediera de $10, el Comisionado del Interior, al recibir prueba satisfactoria de tal inutilización, acreditará al propietario de dicho automóvil la cantidad de los derechos no devengados, al expedir nueva licencia a dicho dueño para un vehículo de igual clase, siempre que se expidiere dentro de los sesenta días subsiguientes a la fecha en que la licencia anterior quedó sin uso.

"(*h*) El Comisionado del Interior podrá suspender o cancelar la licencia, y ordenar que se ocupen las tablillas de cualquier vehículo de motor destinado a servicio público, cuando solamente obtuvo licencia y tablillas para ser destinado a servicio privado; y podrá cancelar la licencia de cualquier vehículo de motor destinado a servicio público, cuando, a su juicio, el automóvil está traficando en condiciones tales que constituya una amenaza para la seguridad pública."

En el sílabo del caso de *Feeley* v. *Melrose,* 27 L.R.A. (N. S.) 1156, se dice lo siguiente:

"El que un automóvil no estuviera debidamente inscrito en la fecha de un accidente puede deducirse del hecho de que en aquella

fecha llevaba la tablilla de su anterior dueño, la que de acuerdo con el estatuto había expirado al tiempo del traspaso del automóvil.''

En el presente caso, se cometió el delito como a mediados del primer mes del nuevo año fiscal, época para la cual, de acuerdo con la Ley, debían haberse devuelto al Comisionado del Interior las tablillas expedidas para el año anterior a cambio de nuevas tablillas de diferente color, demostrativas de que se había renovado la licencia. La ausencia de las tablillas nuevas en tal época se hacía a la vez más notorio y significativo que el dejar de ostentar las tablillas viejas durante las últimas semanas del año fiscal.

Entre las definiciones contenidas en el artículo 1 de la ley ya citada está la siguiente:

'' 'Placa de número' significará la tablilla suministrada por el Comisionado del Interior sobre la cual se exhibe el número de la licencia asignado por éste a un vehículo de motor.''

La manifiesta importancia dada por la ley al tamaño, color y visibilidad de estas tablillas y a la manera en que deben ser llevadas en todo tiempo, según indican los minuciosos detalles que se hacen tan notorios en el artículo 3, *supra,* tienden claramente a demostrar, según creemos, la intención de que las tablillas se consideren como prueba *prima facie* de la existencia de una licencia para el año fiscal indicado por el color de las tablillas. Por la misma razón la ostentación de una tablilla que se conoce por su color que ha sido expedida para el año anterior, o la ausencia total de tablillas, pueden muy bien considerarse como prueba *prima facie* de la no existencia de una licencia para el año fiscal en curso.

[4] La regla que exige que se establezca el *corpus delicti* mediante prueba distinta a las admisiones extrajudiciales de un acusado, según sientan y resuelven los casos de California, está resumida en el tomo 8 de Cal. Jur., páginas 234 y 235, sección 303, como sigue:

"Lógicamente, el primer punto al cual debe dirigirse la prueba de cargo es al *corpus delicti.* Este debe establecerse antes de la presentación de la prueba tendente a conectar al acusado con el delito. Sin embargo, esta regla no se extiende al extremo de excluir, para establecer el *corpus delicti,* prueba de la relación existente entre el acusado con el delito imputádole, cuando las circunstancias del caso son tales que el probar el delito equivale a probar la culpabilidad del acusado.

"El *corpus delicti* debe probarse antes de la presentación de manifestaciones o admisiones y confesiones extrajudiciales. Pero no demostrándose que hubo perjuicio o irregularidad, la admisión de la prueba no tiene mayores consecuencias, si finalmente se establece la comisión del delito independientemente de las supuestas admisiones del acusado.

"Para autorizar que prueba de confesiones o admisiones extrajudiciales de un acusado se comunique al jurado y que éste la tome en consideración no es necesario que El Pueblo establezca el *corpus delicti* con la prueba clara y convincente que se exige para probar la culpabilidad del acusado. Es suficiente si hay alguna prueba, aunque sea *prima facie,* o aún indicios de prueba del *corpus delicti.*"

*La sentencia apelada debe ser confirmada.*