El Pueblo de Puerto Rico, demandante y apelado, *v.* José Ángel Ortiz, acusado y apelante.

Núm. 13348.—*Sometido:* Noviembre 1, 1948. *Resuelto:* Noviembre 22, 1948.

*A. Cadilla Ginorio,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Ante la Corte de Distrito de Arecibo se presentó acusación contra José Ángel Ortiz y Jaime Ortiz por infracción al artículo 6 de la Ley núm. 72, sobre Alimentos y Drogas, aprobada el 26 de abril de 1940 (pág. 493), alegándose en ella lo siguiente:

"Que los referidos acusados, José Ángel Ortiz y Jaime Ortiz, el primero como dueño del establecimiento comercial conocido por 'El Globo', y el segundo como dependiente del Sr. José Ángel Ortiz, ilegal, voluntaria y maliciosamente con el deliberado propósito de violar la Ley de Alimentos y Drogas No. 72–Art. 6, aprobada el día 26 de abril de 1940, dispusieron mediante venta de 612 quesos dominicanos dentro de 102 cajas de a seis quesos cada una, que le fueron embargadas al tomarle una muestra de dichos quesos, advirtiéndoles mediante acta de embargo levantada por el Inspector de Sanidad, que dicho queso no podía disponerse del mismo mediante venta sin permiso del Inspector o de un tribunal competente, porque dicho queso tenía una cucaracha dentro al ser abierto."

Celebrado el juicio y presentada la prueba de cargo los acusados formularon moción de *nonsuit* y la corte absolvió perentoriamente a Jaime Ortiz, pero no al coacusado José Ángel Ortiz, quien sometió el caso sin presentar prueba, siendo declarado culpable y condenado a pagar una multa de $100 o a cumplir un día de cárcel por cada dólar que dejara de pagar, y las costas.

No conforme con la sentencia apeló y en este recurso alega que la corte inferior erró: 1º al admitir una manifestación o confesión extrajudicial del acusado para establecer el cuerpo del delito y además para conectar al acusado con la comisión del delito imputádole, sin haber establecido el

cuerpo del delito (*corpus delicti*) con prueba independiente de dicha manifestación o confesión del acusado; 2° al declarar sin lugar la moción de nonsuit presentada por el acusado; y 3° por ser la sentencia contraria a derecho y a la prueba presentada.

█ Antes de discutir los errores señalados, el apelante plantea por primera vez la excepción perentoria de que los hechos expuestos en la acusación no constituyen delito público. El fiscal alega que no habiéndola presentado en la corte inferior, el apelante está impedido de hacerlo por primera vez en apelación. No tiene razón. Siendo esta excepción, al igual que la falta de jurisdicción, de carácter privilegiado, puede suscitarse en cualquier momento. *Pueblo* v. *Flores,* 33 D.P.R. 800.

█ La contención del apelante es que imputándosele una infracción del artículo 6 de la Ley de Alimentos y Drogas, dicho artículo no determina delito alguno, pues se limita a fijar el procedimiento a seguirse por los inspectores de sanidad en determinados casos. Dicho artículo 6, en lo pertinente, dispone:

"Cuando un inspector del Comisionado, debidamente autorizado, encontrare o tuviere motivos razonables para creer que un alimento, droga, artefacto o cosmético está adulterado o de tal manera rotulado, que resultare peligroso, o fraudulento, según el significado de esta Ley, fijará a dicho artículo un rótulo u otra marca apropiada dando aviso de que dicho artículo está, o se supone que está, adulterado o fraudulentamente rotulado, y que ha sido detenido o embargado, advirtiendo, en el mismo rótulo o marca apropiada, a toda persona interesada que dicho artículo no puede removerse de donde está, ni disponerse del mismo mediante venta o de otro modo, hasta que dicho agente o el tribunal competente otorguen el correspondiente permiso. Para su resguardo, levantará un acta, en original y copia, firmada por el citado inspector, haciendo constar la cantidad de mercancía bajo custodia. Tomará las muestras reglamentarias."

Los artículos 3(h) y 5(a) de la misma Ley, disponen a su vez que:

"Artículo 3.—Quedan por la presente prohibidos en Puerto Rico los siguientes actos, o permitir que los mismos se ejecuten:

" (a) .     .     .     .     .     .     .     .
" (b) .     .     .     .     .     .     .     .
" (c) .     .     .     .     .     .     .     .
" (d) .     .     .     .     .     .     .     .
" (e) .     .     .     .     .     .     .     .
" (f) .     .     .     .     .     .     .     .
" (g)     .     .     .     .     .     .     .

" (h) Remover o disponer de un artículo detenido o embargado en violación del artículo 6."

"Artículo 5.—(a) Toda persona que infrinja cualesquiera de las disposiciones del artículo 3 será culpable de un delito menos grave (*misdemeanor*) y al ser convicta del mismo será castigada con cárcel por un término no mayor de tres (3) meses o con multa no mayor de quinientos (500) dólares, o con ambas penas; pero si la violación se cometiere después de haberse dictado sentencia en última instancia, dicha persona será castigada con cárcel por un término no mayor de un (1) año, o con multa no mayor de mil (1,000) dólares, o con ambas penas, a discreción del tribunal."

El artículo 6, supra, contiene la prohibición de que un alimento adulterado, que ha sido embargado por un inspector, no puede removerse de donde está, ni disponerse del mismo mediante venta o de otro modo, hasta que dicho agente o el tribunal competente otorguen el correspondiente permiso. El artículo 3(h), supra, reafirma y ratifica dicha prohibición, y el artículo 5(a) establece la penalidad por su infracción. Consideramos que el hecho de que en la acusación no se mencionara el artículo 3(h) de la ley, no implica que no se imputara un delito público al acusado, ya que, como hemos visto, la prohibición contenida en el artículo 6 es idéntica a la especificada en el artículo 3(h). Una infracción del artículo 6 equivale, por tanto, a una infracción del artículo 3(h) y en su consecuencia la acusación en este caso imputa un delito público.

El primer error señalado carece de méritos. La prueba en este caso demuestra que, independientemente de

la manifestación que le hizo el acusado al inspector Carmelo Guzmán Marrero al efecto de que había vendido los quesos embargados a un señor llamado Rafael Rivera, de Hatillo, el *corpus delicti* quedó establecido al no encontrar los inspectores dichos quesos en el establecimiento del acusado, sitio en que fueran embargados. El corpus delicti en este caso lo constituye el haber removido los quesos del sitio donde fueron embargados o el haberlos vendido. Artículo 6 y artículo 3(*h*), supra. En el caso de *Pueblo* v. *Truyol,* 36 D.P.R. 375, resolvimos, citando del sumario, que: "Si bien el corpus delicti debe probarse antes de presentarse manifestaciones o admisiones extrajudiciales del acusado, en ausencia de perjuicio u otra irregularidad, la admisión de la prueba no es fatal si finalmente, aunque sea con prueba prima facie o indiciaria, se establece la comisión del delito independientemente de las supuestas admisiones."

No se cometió el primer error. En el segundo y tercero sostiene el apelante que la corte erró al declarar sin lugar su moción de nonsuit, debido a que la prueba de cargo demostró que no se había cumplido con el artículo 7 de la Ley de Alimentos y Drogas que dispone, en lo pertinente, que " . . . Antes de proceder a toda denuncia el Comisionado notificará a la persona contra quien se tiene intención de iniciar dicho procedimiento, y se le dará oportunidad de presentar, verbalmente o por escrito, personalmente o por su abogado, sus alegaciones respecto al proceso." Sostiene además que el embargo trabado era nulo y no tenía que obedecerlo.

En cuanto al primer fundamento creemos que si bien el artículo 7 requiere que antes de iniciarse un proceso criminal se le dé la oportunidad a la persona interesada de presentar sus alegaciones respecto al proceso, los hechos de este caso demuestran que cuando los inspectores fueron a buscar otras muestras del queso para enviarlas al laboratorio del Departamento de Salud para examen y cuando, por

tanto, aún no había terminado la investigación adminitrativa del caso, ya el acusado había dispuesto de las cajas de queso embargadas, pues manifestó que las había vendido a otra persona en otro pueblo como alimento para cerdos. Aun cuando en ese momento todavía no se había resuelto si se procedería a denunciar al aquí apelante, sustancialmente se cumplió con las disposiciones del artículo 7, supra, ya que el acusado admitió que había violado el artículo 6 al disponer, mediante venta, del queso embargado. Su explicación de que dicho queso lo vendió como alimento para cerdos no fué aceptada por las autoridades sanitarias como suficiente para eximirle del proceso criminal. Más bien esa explicación implícitamente admitía que los quesos no eran propios para el consumo humano.

 ■ Arguye el apelante por último que el embargo trabado era nulo debido a que el inspector de sanidad, por el hecho de haberse encontrado un queso con una cucaracha incrustada, no "tenía motivos razonables" para embargar los 612 quesos restantes, de la misma marca, en poder del acusado. No estamos conformes. La prueba demostró que el Oficial de Saneamiento de Arecibo ordenó el embargo no de los quesos que tuviera el acusado sino de todos los quesos que hubiera en el comercio detallista y mayorista de Arecibo, de la clase y marca "Edam Style Brand", y procedentes de Santo Domingo. Hubo prueba pericial al efecto de que un queso que contenga una cucaracha en su interior es un producto adulterado. El embargo se ordenó con el fin de detener la venta de estos quesos mientras se realizaba la investigación correspondiente para determinar si servían o no para el consumo humano. No podemos convenir con el apelante en que la orden de embargo era irrazonable y tampoco en que no se cumplió con el artículo 6, supra, por no haberse hecho constar en el rótulo que se puso a las cajas de quesos embargadas las advertencias que dicho artículo especifica. Dichos rótulos no fueron presentados en eviden-

cia por estar adheridos a las cajas de las cuales dispuso el acusado. Sí se presentó una copia del acta de embargo y de ella aparece que se cumplió sustancialmente con los requisitos del estatuto.

■ A los efectos de la moción de nonsuit presentada la prueba de cargo en este caso estableció un caso prima facie en contra del acusado, *Pueblo* v. *Rivas*, 68 D.P.R. 474, y al no presentar éste prueba en contrario es suficiente para sostener su convicción.

*Debe confirmarse la sentencia.*