COUNTY COURT—NASSAU COUNTY,

February, 1913.

## THE PEOPLE v. PAUL GRASS.

(79 Misc. 457)

CONCEALED WEAPONS *—PENAL LAW, § 1897—INTENT—BURDEN OF PROOF AS TO LICENSE.

Intent is not an element in the crime of carrying concealed on the person any of the weapons specified in section 1897 of the Penal Law, without a written license therefor, in one over the age of sixteen years, and the provision of section 1898 of said law as to the presumption of intent does not apply.

In such a prosecution the burden is on defendant to show that he had a license to carry the weapon.

MOTION to set aside verdict and for a new trial.

Charles N. Wysong, District Attorney, for People.

Neil Vandewater, for Defendant.

NIEMANN, J.   The defendant was convicted of the crime of having concealed upon his person a revolver without a written license therefor.   At the close of the case for the people, and again at the close of the whole case, counsel for the defendant moved the court to dismiss the indictment and discharge the defendant on the ground that the people failed to make out a case in that (1), they had failed to show that the defendant was over sixteen years of age; and, (2), they had failed to show that the defendant had not a license to carry a revolver.

(1) Upon the question of the defendant's age, the boy's father, Philip Grass, testified that the defendant was his wife's

---

* See Note.  Right to bear arms, 26–515.

sister's child and that he adopted him when he was about four years of age; that he thought the boy would be on March twenty-sixth next eighteen years of age. In addition to this, the jury could take into consideration the boy's appearance. As a matter of law this evidence was sufficient to authorize the jury to find that the boy was over sixteen years of age.

(2) The district attorney urged that, under the provisions of section 1898 of the Penal Law, the possession of any of the weapons specified in section 1897 of the Penal Law is presumptive evidence of carrying or possessing or concealing in violation of that section.

Section 1898 of the Penal Law provides: "The possession, by any person other than a public officer, of any of the weapons specified in the last section, concealed or furtively carried on the person, is presumptive evidence of carrying, or concealing, or possessing, with intent to use the same in violation of that section."

The object of this section is to raise a presumption of intent, where intent is an ingredient of the crime. Such intent is presumed only when the weapon, in addition to being concealed or furtively carried on the person, is one of those specified under that provision of the law which says that the possession or carrying with intent to use the same unlawfully against another is a crime. People v. Persce, 204 N. Y. 397.

The first paragraph of section 1897 of the Penal Law specifies three distinct crimes, namely, *first*, an attempt to use certain weapons therein specified against another; *second*, carrying or possessing any such instruments or weapons; and, *third*, carrying or possessing, with intent to use the same unlawfully against another, a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous instrument or weapon.

Intent, therefore, is a necessary element only in the crime specified in the third subdivision, and the presumption of unlawful intent raised by section 1898 of the Penal Law applies

only to this provision and no other.   People v. Persce, *supra*.

Paragraph fourth of section 1897 of the Penal Law provides: " Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city, village, or town of this state, any pistol, revolver, or other firearm without a written license therefore, theretofore issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be prescribed by ordinance of such city, village or town, shall be guilty of a felony."

The ingredients of this crime are (a) that the person be over sixteen years; (b) that the pistol, revolver, or other firearm be concealed upon his person; and (c) that he have no written license therefor.   Intent is not an element of this crime, so that the provision as to presumption of intent has no application.

Failure to allege each and every one of these elements in an indictment would render it fatally defective.   Potter v. Deyo, 19 Wend. 359; People v. Wacke, 77 Misc. Rep. 196. But whether the prosecution must make proof of every ingredient so required to be pleaded presents a different question.

It is a well settled rule of law that where the negative of an issue does not permit of direct proof, or where the facts come more immediately within the knowledge of the defendant, the *onus probandi* rests upon him.   Fleming v. People, 27 N. Y. 329, 333; Jefferson v. People, 101 id. 19; People v. Kibler, 106 id. 321, 7 N. Y. Crim. 27; People v. Weldon, 111 id. 569; People v. Briggs, 114 id. 56; People v. Cannon, 139 id. 32, 10 N. Y. Crim 541.

This doctrine is illustrated in the cases of practicing medicine without a license and selling strong or spirituous liquors without a license.   The prosecution need not prove that the defendant had no license.   People v. Fleming, *supra*; Suffolk County v. Shaw, 21 App. Div. 146; People v. Cramer, 22 id.

198; People ex rel. Stevenson v. Lyman, dissenting opinion by Loughlin, J., 67 id. 455; People v. Somme, 120 id. 20, 21 N. Y. Crim. 226; People v. Quant, 2 Park. 410; People v. Rontey, 6 N. Y. Crim. 249; affd. on opinion below, 117 N. Y. 624; Smith v. Joyce, 12 Barb. 21; Mayor v. Mason, 1 Abb. 344; Schwab v. People, 4 Hun, 520; People v. Nyce, 34 id. 298; People v. Maxwell, 83 id. 157; Potter v. Deyo, *supra*.

In a prosecution for carrying concealed upon the person a firearm, it would in many cases cast a great burden on the people if they had to prove that no license was issued to the defendant. To do so they would have to show that the various magistrates who had jurisdiction to grant licenses had not in fact issued one in the particular case. If a license has been issued, that fact is more immediately within the knowledge of the defendant and can be easily established by him and there is no hardship or injustice in placing so slight a burden upon him.

The defendant's motion was properly denied, and, as none of the grounds specified in the Code of Criminal Procedure for granting a new trial can be successfully urged, the verdict of the jury must be sustained, and the motion denied.

Motion denied.