STATE *vs.* GEORGE U. SOCKUM.

WEAPONS—CONCEALED WEAPONS—DEFENSES.

In a prosecution for carrying concealed a revolver, a deadly weapon, the burden of showing a license to carry the same under, *Rev. Code* 1915, §262, is upon accused, and the state need not, to secure a conviction, prove the contrary.

(*February* 7, 1917.)

CONRAD, J., sitting.

*David J. Reinhardt*, Attorney General, and *Daniel J. Layton, Jr.*, Deputy Attorney General, for the State.

*John M. Richardson* and *Frank M. Jones* for the accused.

Court of General Sessions, Sussex County, February Term, 1917.

INDICTMENT No. 5, February Term, 1917.

George U. Sockum was indicted for unlawfully carrying concealed a deadly weapon, etc.   Not guilty.

George U. Sockum was indicted for unlawfully carrying "concealed a deadly weapon upon or about his person other than an ordinary pocket knife, namely, a certain firearm, commonly called a revolver, he *   *   *   then and there, not being a policeman or other peace officer," etc.   The state proved that at the time and place laid in the indictment, the accused, after having a wordy altercation with the prosecuting witness, went to his overcoat lying on a timber wagon, and took therefrom a revolver and placed it in his hip pocket, placing his hand over it.   That he thereupon "dared any one of the three of us to do anything to him."

When the state rested, counsel for accused moved that the court instruct the jury to return a verdict of not guilty because it had neither been alleged nor proved that the accused had no license to carry concealed a deadly weapon.   *Rev. Code* 1915, §262.

The state contended that if accused had a license, it was peculiarly within his knowledge, and was a matter of defense.

CONRAD, J.   The court does not agree with the contention made by counsel for the accused, and declines to give binding instructions.

After the usual charge in such cases,

Verdict, not guilty.