73 F.Supp. 72 (1947)
UNITED STATES
v.
WATERS.
Criminal No. 35747.
District Court of the United States for the District of Columbia.
August 26, 1947.
Grace B. Stiles, Asst. U. S. Atty., and George Morris Fay, U. S. Atty., both of Washington, D. C., for the United States.
Henry Lincoln Johnson, Jr., of Washington, D. C., for defendant.
LAWS, Chief Justice.
Defendant was tried before a jury upon an indictment in three counts charging (1) assault with a dangerous weapon, (2) assault with intent to kill and (3) carrying a pistol on or about his person. He was acquitted of the assault charges, but was convicted on the charge of carrying a pistol. At the close of the Government's case and again at the close of all the evidence, defendant moved for judgment of acquittal on the charge of carrying a pistol. The Court reserved decision on the motion.
Defendant claims that the act of Congress under which he was prosecuted does not prohibit the carrying of a pistol in one's place of business (Title 22 Section 3204, District of Columbia Code), and that since defendant's taxicab was his place of *73 business, he was not guilty of any offense. The language of the statute is that a person shall not carry a pistol without a license "except in his dwelling house or place of business or on other land possessed by him." (Italics supplied.) The words "other land possessed by him" which immediately follow the words "place of business" compel the view that the place of business referred to is land. Any interpretation to the contrary would give to the word "other" as applied to the word "land" no significance whatever. Defendant's taxicab, therefore, was not a "place of business" as the term is used in the statute.
Defendant next contends that the prosecution failed to prove that he carried the pistol "on or about his person", and whether the pistol was carried openly or was concealed. The Government's evidence was uncontradicted that defendant did not need to move from the front seat of his taxicab to obtain the pistol. This sufficiently established that defendant had the pistol "about his person" within the meaning of the statute, as decided by the United States Court of Appeals in Brown v. United States, 58 App.D.C. 311, 30 F.2d 474. It is an offense to carry a pistol without a license either openly or concealed, with certain exceptions not applicable to this case. It would be a meaningless gesture for the prosecution to prove whether the pistol was carried openly or was concealed.
Defendant contends he was improperly convicted because the prosecution failed to allege in the indictment and affirmatively prove that he did not have a license to carry a pistol.
Where a statute defining an offense contains an exception which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately described if the exception is omitted, the indictment must allege facts showing that the accused is not within the exception. United States v. Cook, 84 U.S. 168, 17 Wal. 168, 21 L.Ed. 538.
The crime of which defendant was convicted is not carrying a pistol, as charged in the indictment, but is carrying a pistol without a license. This is indicated not only by the section defining the offense, D.C.Code 1940, § 22-3204, but also by the next succeeding section of the Code, D.C. Code 1940, § 22-3205, which sets forth specifically and in detail those not required to be licensed. In cases of this character decided by State Courts it has been held that the indictment or information must allege the lack of a license. See People v. Grass, 79 Misc. 457, 141 N.Y.S. 204; People v. Ross, 60 Cal.App. 163, 212 P. 627.
The crime of carrying a pistol without a license is comparable to the offense of driving an automobile without a license, where the prosecution uniformly charges and proves not only the driving of the automobile, but that defendant at the time did not have a license to drive. Another comparable crime is that of selling narcotics without obtaining a written order filled out on a form issued by the Commissioner of Internal Revenue, where indictments customarily allege that the written order was not obtained by the seller of narcotics. The only decided case on the subject I have been able to find has held such allegation is necessary. United States v. Leach, D.C., 291 F. 788.
The reasons for requiring all elements of an offense to be charged and proved by the prosecution are well known. First, one should not be called upon to stand trial on charges which do not constitute a crime. Second, the defendant should be fully advised of the facts he is required to meet and be in a position to plead former jeopardy by reference to the pleadings in the event the same offense should be charged against him at a later time. Third, the burden rests on the prosecution to establish evidence of guilt of each element of an offense. There are exceptions made in cases where the fact to be proved is one peculiarly within the knowledge of the defendant and in cases where a number of officials have the right to issue a license. These exceptions do not apply to the present case. All licenses to carry pistols in the District of Columbia are issued by the Major and Superintendent of Police and of course his *74 records of licenses are readily available to the prosecution.
For the reasons stated, the Court is constrained to grant the motion for judgment of acquittal.