## BROWN v. UNITED STATES.
### No. 776.

Municipal Court of Appeals for the District of Columbia.

May 17, 1949.

Charles H. Garlock, Washington, D. C., for appellant.

L. Clark Ewing, Assistant United States Attorney, Washington, D. C., with whom George Morris Fay, United States Attorney, and John D. Lane, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

As a result of an argument in a taxicab in which defendant was riding with his wife and other persons, he was arrested and charged with carrying a dangerous weapon, a pistol, in violation of D.C. Code, 1940, Supp. VI, 22—3204. At the trial there was conflicting evidence as to whether defendant was actually carrying the pistol on his person or had happened to find it on the seat of the taxicab. The jury found him guilty and he brings this appeal.

The chief issue as presented by the briefs relates to the burden of proof. Appellant contends that the trial court erred in re-

---

[4] Fidelity & Casualty Co. of New York v. Niemann, 8 Cir., 47 F.2d 1056.

[5] 64 C.J., Trial, § 93.

[6] Vasser v. State, 75 Ark. 373, 87 S.W. 635.

fusing to direct a verdict of acquittal since "the government had not maintained its burden by proving that defendant did not have a license to carry a gun." The government contends that once it had established a prima facie case, the burden was on defendant to show that he had a license. This was the tenor of the trial judge's instruction to the jury, which is also alleged as error by defendant. This issue as to the burden of proof depends in turn upon the definition and elements of the crime.

The information charged defendant with carrying a pistol "against the form of the statute in such case made and provided." It did not specifically charge carrying the pistol without a license. However, the sufficiency of the information was not challenged in the trial court and is not challenged here. The Code section which defendant was accused of violating provides:

"No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed * * *."

Appellant argues in substance that the crime is carrying the pistol without a license and that the lack of a license is an essential element of the crime. The government, on the other hand, maintains by implication that the mere carrying is the offense, that the existence of a license is an exception which may be used as a defense by the person accused and that it is his burden, once the gravamen of carrying the pistol has been established, to come forward and prove that he has a license.

The questions involved here have not been decided by any appellate court in the District of Columbia. In United States v. Waters, 73 F.Supp. 72, the United States District Court for the District of Columbia,[1] (Laws, C.J.) decided that it was requisite that the government both allege in the indictment and assume the burden of proving affirmatively that the defendant did not have a license to carry a pistol. This decision was appealed by the United States Attorney to the United States Court of Appeals for the District of Columbia. That court in turn certified the case to the Supreme Court, holding that the government should have appealed to that Court directly.[2] While the case was pending in the Supreme Court, announcement was made on November 22, 1948, that the appeal was dismissed "on motion of counsel for the appellant."[3] Nevertheless the United States Attorney urges in the present case that the District Court's decision in the Waters case was wrong.

In certifying that case to the Supreme Court the United States Court of Appeals stated:

"The view of the Government in drafting the indictment obviously was * * * that the gist of the offense under the wording of the statute was the carrying by a person within the District of Columbia of a pistol on or about his person and that this therefore was all that the Government had to allege in the indictment—that it need not allege non-possession of a license; that it was the intention of Congress under the statute that possession of a license was a matter of justification to be alleged and proved by the defendant. * * * The trial court held that under the statute as phrased the mere carrying of a pistol was not a criminal act—was not within the reach of the statute—that the criminal act denounced embraced the two elements of (1) carrying a pistol (2) without a license, and that hence both must be alleged. Clearly the trial court was determining the statute's meaning * * *."[4]

[1] Then the District Court of the United States for the District of Columbia.

[2] This was in compliance with the Criminal Appeals Act, 18 U.S.C.A. § 3731, which provides that the government may appeal to the Supreme Court from the district courts "from a decision arresting a judgment of conviction for insufficiency of the indictment * * * where such decision is based upon the invalidity or construction of the statute upon which the indictment * * * is founded." As indicated above, the sufficiency of the information is not involved in this appeal.

[3] United States v. Waters, 335 U.S. 869, 69 S.Ct. 168. This subsequent history of the Waters case was not presented in the briefs but was fully disclosed in the oral argument before this court.

[4] United States v. Waters, 1948, App. D.C., 175 F.2d 340.

After studying the statute itself, the hearing before the Senate District Committee and the Senate and House Reports on the bill, we conclude that the offense is clearly the carrying of a pistol without a license.[5]

The section prohibiting the carrying of a pistol without a license is part of a comprehensive statute approved July 8, 1932, 47 Stat. 650, ch. 465 and twice later amended[6] Other sections include definitions (22—3201), regulations concerning the sale of pistols (22—3208), and excepted persons such as marshals, sheriffs, policemen, members of the Army, Navy and Marine Corps when on duty, and any person carrying a pistol, unloaded and wrapped, between a place of purchase or repair and his home or place of business (22—3205). The Superintendent of Police is the only official authorized to issue licenses (22—3206); certain other dangerous weapons are forbidden entirely (22—3214). The possession of pistols, except to persons previously convicted of crimes of violence is nowhere prohibited, and the original statute as passed in 1932 forbade only the carrying of an unlicensed pistol when concealed on the person. It was eleven years before Congress by amendment included the open carrying of an unlicensed pistol in the statute.[7]

In the original bill it does not appear that Congress contemplated a prohibition against carrying pistols per se. Although the original draft contained a section entitled "Carrying Pistol" (changed to "Carrying Concealed Weapons" in the final form) that section stated "No person shall carry a pistol * * * without a license * * *." The Senate Report states that the intent of the bill was "to provide a fair and effective control of the traffic in firearms" by means of "licensing of persons to carry pistols," "prohibiting possession of weapons for which there is no legitimate use," and "prohibiting possession of pistols by persons previously convicted of a crime of violence," among other features.[8] The mere carrying, even openly, was not prohibited. A recommendation that the statute read "a pistol or any deadly or dangerous weapon" failed of enactment. One of the proponents of the bill remarked: "We think there is a legitimate use for pistols."[9]

In our opinion the qualifying phrase "without a license" is not to be treated as an exception to the statute but rather as a descriptive part of the offense, an "adjectival" or descriptive negative defining the corpus delicti.[10] The phrase is incorporated in the definition; it is an integral element of the crime. In this jurisdiction no blanket prohibition against carrying or possessing a pistol has yet been made despite the two amendments materially strengthening enforcement of its provisions. The statute being criminal, penal, prohibitive and in derogation of the common law, it must be given a strict rather than liberal construction. In so holding we are not oblivious of the danger of unlicensed pistol carrying in a modern, urban community, a fact clearly recognized and shown by the two amendments to the original statute. But we must apply the law as it is written, without undue extension by interpretation.

The elements of the crime being (1) the carrying of a pistol (2) without a license, the question then becomes whether the burden of proceeding may shift to the defendant once the prima facie case of carrying the weapon has been established. It is well settled that in certain criminal proceedings the burden of proceeding with the evidence may be shifted to a defendant. Among familiar examples are statutory presumptions under which proof of one or more facts is held to create a prima facie case. When these are proved, other

[5] Hearing before Committee on the District of Columbia on Sen. 2751, 72d Cong., 1st Sess. Feb. 26, 1932. Sen. 2751 was identical with H. R. 8754. Sen.Rep.No.575, 72d Cong., 1st Sess. April 19, 1932. H.Rep.No.767, 72d Cong., 1st Sess. March 11, 1932. The House hearing was not printed.

[6] Nov. 4, 1943, 57 Stat. 586, ch. 296 and Aug. 4, 1947, 61 Stat. 743, ch. 469.

[7] Nov. 4, 1943, 57 Stat. 586, ch. 296.

[8] Senate Report No. 575, supra, 2.

[9] Testimony of Charles V. Imlay, Hearing supra, 11.

[10] See the extensive annotation, "Burden of averment and proof as to exception in criminal statute on which the prosecution is based," 153 A.L.R. 1218, 1220 and running to 1401.

facts may be presumed to be true unless the defendant rebuts such presumption.[11] Another example is where a defendant relies upon an exception in a statute. Then it is the burden of the defendant to bring himself within the exception rather than that of the prosecution to negative it.[12]

■ Another major group of cases, which allows the burden of proof to shift to the defendant is where the subject matter is peculiarly within the knowledge of the defendant. It is in this class that the majority of weapons cases fall, allowing the burden to shift to the defendant to show a license for the pistol, once the carrying has been shown by the government.[13] The general principle underlying the shifting of the burden of proof in criminal cases was stated by Justice Cardozo in Morrison v. California, 291 U.S. 82, 88, 89, 54 S.Ct. 281, 284, 78 L.Ed. 664:

"The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are * * * that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression."

The numerous cases in the states turn largely on the "balance of convenience" in fixing the duty of proving a license. In most states numerous officials are empowered to issue licenses for pistols. Thus the state would have to prove the lack of a license in all the several counties or municipalities of the state. Accordingly when the existence of the license is within a defendant's own personal knowledge and his direct and easy access, it has been held not unjust to require that he prove his license or be presumed not to. have one as charged.[14]

■ In the District of Columbia, it is argued by appellant, as opposed to the majority of the states, a different situation exists. Here, in a relatively small geographical area, only one licensing authority exists, who issues only a small number of licenses each year. Consequently he argues that it is just as convenient for the government to prove the lack of a license as it is for the defendant to prove that he has one. While the argument of convenience is no longer conclusive on either side,[15] we agree with appellant in his contention that the government should aver and prove the lack of a license. In so doing we are applying the principles enunciated by the District Court in United States v. Waters, supra. Although the weight of authority in other jurisdictions is to the contrary, we believe that the circumstances in the District of Columbia do not justify the rule followed in most states, but lead logically and fairly to casting the burden on the prosecution.

Reversed.

[11] Examples include: Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (possession of opium); Adams v. New York, 192 U.S. 585, 24 S. Ct. 372, 48 L.Ed. 575 (possession of numbers slips); Fong Yue Ting v. United States, 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905 (alien registration and license carrying); Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649 (lack of lawful employment in vagrancy statute).

[12] Vincent v. United States, D.C.Mun. App., 58 A.2d 829; Byrd v. United States, D.C.Mun.App., 43 A.2d 46; United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538; Williams v. United States, 78 U.S.App.D.C. 147, 138 F.2d 81, 153 A.L.R. 1213; Queen v. United States, 64 App.D.C. 301, 77 F.

2d 780; Lehman v. District of Columbia, 19 App.D.C. 217.

[13] People v. Grass, 79 Misc. 457, 141 N.Y.S. 204; People v. Ross, 60 Cal.App. 163, 212 P. 627; Williams v. State, 12 Ga.App. 84, 76 S.E. 785; State v. Merico, 77 W.Va. 314, 87 S.E. 370; State v. Sockum, 6 Boyce, 350, 29 Del. 350, 99 A. 833.

[14] People v. Grass, supra, 141 N.Y.S. 204, 206; People v. Ross, supra, 212 P. 627, 629.

[15] See Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, which declared that the argument of convenience was not controlling but only a corollary to the major requirement in statutory presumptions, a rational connection between the fact proved and the fact presumed.