## BUSSIE v. UNITED STATES.
### No. 1035.

Municipal Court of Appeals for the
District of Columbia.

Argued May 7, 1951.

Decided June 1, 1951.

Rehearing Denied June 25, 1951.

Robert I. Miller, Washington, D. C., for appellant.

Thomas A. Flannery, Asst. U. S. Atty., Washington, D. C., George Morris Fay, U. S. Atty. and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

A jury having convicted him of violating Code 1940, Supp. VII, 23–3204, by carrying a gun without a license, Robert Bussie brings this appeal.

Challenging the sufficiency of the government's evidence, he specifically asserts that the prosecution did not properly prove that he did not have a license to carry a gun. The evidence against which he directs his attack was that of a lieutenant of the Metropolitan Police Department who testified "that he had searched the records

of all persons who held licenses to carry pistols in the District of Columbia and that there was no record that the defendant had a license to carry a pistol." Defendant offered no proof in his own behalf.

In Brown v. United States, D.C. Mun.App., 66 A.2d 491, we traced the history of the applicable statute, discussed several of its aspects, and made comparisons with decisions in other jurisdictions on the question as to whether the burden was on the government or the defendant to prove lack of a license. We ruled that the burden was on the prosecution not only to prove that defendant was carrying the weapon but to allege and prove affirmatively that he did not have a license.

This appellant is asking us to rule that such proof can only be established by producing the original record of all licenses for carrying guns issued by the superintendent of police. He argues that the trial court should not have received the testimony of the police lieutenant to show that appellant's name was not among those to whom licenses had been issued.

Reason and logic do not suggest such a standard of proof; nor does precedent require it. The government accused a citizen of carrying a gun without a license. In addition to proving that the accused carried the gun, the government needed only to prove that he had no license to carry it. To sustain that burden it was not necessary that the government prove all the contents of a record, but only to establish a negative—that no license to carry a gun had been issued to defendant. It was not improper to prove such a negative by oral testimony of one who had searched an entire group of entries and was prepared to report that it does not contain a specific entry. See Shore v. United States, 61 App.D.C. 18, 56 F.2d 490. Such is primary evidence of a state of facts and not hearsay. Wharton's Criminal Evidence, 11th Ed., § 386. Wigmore on Evidence, 3rd Ed., § 1678.

No rule of court specifically governs the situation. Municipal Court Civil Rule 40 (b) provides: "A written statement signed by an officer having the custody of an official record or by his deputy that after diligent search no record of entry of a specified tenor is found to exist in the records of his office, accompanied by a certificate as above provided, is admissible as evidence that the records of his office contain no such record or entry." A similar provision is made in the Federal Criminal Rules, Rule 27, 18 U.S.C.A. But neither of these Rules has yet been adopted for the Criminal Division of the Municipal Court. However, we note that the Municipal Court Rule above-quoted contains a sub-section reciting that it does "not prevent the proof of official records or of entry or lack of entry therein * * * by the rules of evidence at common law."

Undoubtedly it would have been better procedure to produce the official custodian of the records. But the police lieutenant who gave the testimony was liaison officer of the police department attached to the Municipal Court, and we note that the defense did not object to his testimony when it was offered and did not attempt to cross-examine him as to the extent of his knowledge or familiarity with the records. We note also that there was no contention in the trial court and none here that the lieutenant was not in a position to make a complete search of the records and to render and accurate report of what they did or did not contain. Under the circumstances we rule that the evidence of lack of a license was of sufficient probative force to meet the requirements we have stated, and certainly sufficient to take the case to the jury.

Affirmed.

CLAGETT, Associate Judge (concurring).

I believe it should be emphasized that when the government originally presented this case it made no effort to prove defendant had no license and only after a motion for a directed verdict had been made did the government hurriedly (the record recites the court was in recess only ten minutes) produce a lieutenant of police who testified he had searched the records and found no license to carry a gun in defendant's name. Two points should be clear:

First, in such cases the government must allege and prove the negative fact that the accused has no license. It has been so held by Chief Judge Laws of the United States District Court, United States v. Waters, 73 F.Supp. 72, and once before by this court, Brown v. United States, D.C. Mun.App., 66 A.2d 491. The United States attorney had full opportunity of appealing the Brown case to the United States Court of Appeals for the District of Columbia Circuit. That he did not do so ought to establish the question as settled in this jurisdiction. The federal government should not try to "get by" with a case without presenting proper proof.

Second, the better manner of proving the absence of a license is to produce a certificate of the custodian of the records or his deputy as contemplated by Rule 27 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and Municipal Court Civil Rule 40(b). The procedure followed here, while I agree it is not grounds for reversal, is slipshod and open to abuse. I do not think it should be followed again.