THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MENELIO RIVERA ET AL., Defendants and Appellants.

No. 15224. Argued April 8, 1952.—Decided April 30, 1952.

*Luis A. Archilla Laugier* for appellants. *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

The District Attorney of the District Court of Puerto Rico, Bayamón Section, filed an information against appellants herein for a violation of § 8 of the Weapons Act of Puerto Rico (Act No. 17 of January 19, 1951, Fifth to Twelfth Spec. Sess. Laws, 1950–51, p. 426), alleging that on May 22, 1951 and in a ward of Toa Alta "the aforesaid defendants José Menelio Rivera, Antonio Rivera Nieves, and Andrés Pacheco Calderón, unlawfully, wilfully, maliciously, and with criminal intent, possessed and transported in a Chevrolet automobile of 1950, license plate No. 37245 for the year 1950–51, a loaded Colt revolver, 38 caliber, nickel plated, with plastic trim, serial number 538904."

After a hearing the District Court of Puerto Rico, Bayamón Section, found defendants guilty and sentenced them first to serve terms in the penitentiary, but on reconsideration, sentenced them to different terms in jail considering that the offense committed, upon the evidence showing that the revolver was unloaded, was a misdemeanor, pursuant to § 7 of the already cited Act, and not a felony as punished by § 8.[1] Feeling aggrieved defendants appealed

---

[1] Sections 7 and 8 provides as follows:

"Section 7.—Any person who bears, carries, or transports any pistol, revolver or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor and, if previously

and in their first assignment they challenge for the first time the sufficiency of the information on the ground that it does not state facts sufficient to constitute a violation of § 8, *supra*, since it was not alleged that defendants transported in the vehicle mentioned in the information, the weapon described therein "without having a license therefor issued as hereinafter provided," as requires the above-mentioned § 8.[2] Since the question raised was of a privileged character it may be raised for the first time on appeal. *People* v. *Ortiz*, 69 P.R.R. 349, 351.

The *Fiscal* of this Court agrees with appellants that the first error was committed.

■ Section 8 as well as Section 7 of the new Weapons Act, *supra*, provides that to bear, carry, or transport any pistol, revolver, or other firearm "without having a license therefor issued" as thereafter provided in the Act constitutes a felony if the weapon is loaded or ammunitions which may be used for discharging said pistols are borne, carried, or transported at the same time, or a misdemeanor if said weapons are not loaded or the ammunitions used to discharge them are not borne, carried, or transported. The latter construction of the first part of § 7 is inescapable, since the only difference existing between its provisions and those of § 8 is the one referring to whether or not the weapon is loaded or whether the ammunitions which may be used for discharging said weapons are borne, carried, or transported.

Now, both Sections require that the bearing, carrying,

---

convicted of any violation of this Act or of any of the offenses specified in Section 17 hereof, or uses the weapons in the commission of any of such offenses, shall be guilty of a felony.

"Section 8.—Any person bearing, carrying, or transporting any loaded pistol, revolver, or other firearm, or who bears, carries, or transports any pistol, revolver or other firearm, while at the same time bearing, carrying, or transporting ammunitions which may be used for discharging such pistol, revolver or other firearm, without having a license to carry weapons issued as hereinafter provided, shall be guilty of a felony."

[2] The same requirement is exacted in § 7, *supra*.

and transporting be made "without having a license therefor issued." Undoubtedly said phrase constitutes an exception to the offenses defined in said Sections and what we must decide herein, pursuant to the rule established in this jurisdiction—*People* v. *Cortés*, 24 P.R.R. 195; *People* v. *Avilés*, 54 P.R.R. 257; *People* v. *Muñoz*, 57 P.R.R. 212; *People* v. *Ramírez*, 65 P.R.R. 641—is whether the exception has been included in the definition of the offense so intricably that a complaint which omits it fails to state one of the elements of the offense it being therefore indispensable to negative the exception in the complaint, that is to say, the complaint must state facts tending to show that the case against defendant is not included within any of the exceptions of the Act. As we said in *People* v. *Avilés, supra,* p. 260:

". . . If on the contrary the exception appears in any other section of the law and the definition of the offense is so independent from the exception that the crime can be described with certainty and accuracy, without it being necessary to deny the exception, in that case the latter is considered a matter of defense and as such should be alleged and proved by the defendant."

Under the provisions of the Act to Prohibit the Carrying of Arms (Act No. 14 of June 25, 1924), in force prior to the approval of Act No. 17 of 1951, and which provided in its § 1 that any person unlawfully carrying any arm or instrument with which bodily injury may be caused, was guilty of an offense, we held that the exceptions contained in § 5 of said Act constituted a separate clause from the one in which the offense was defined and therefore, it was incumbent on the accused to establish the exceptions as a defense without it being necessary that they be negatived in the information. *People* v. *Muñiz*, 45 P.R.R. 574; *People* v. *García*, 42 P.R.R. 137; *People* v. *González*, 36 P.R.R. 47.

Said cases are not in point in construing the new Weapons Act of Puerto Rico. This was apparently inspired

by the statute in force in New York and by §§ 7 and 8 of our Act, *supra,* which although not exactly alike, resemble §§ 1897(5) and 1897(5.a) of the Penal Law of said State, which also contain the phrase "without a written license therefor, issued as hereinafter prescribed." Thompson, Laws of New York 1935, Part I, 1939. Construing § 1897(5) it was held in *People* v. *Grass,* 79 Misc. Rep. 457; 141 N. Y. Supp. 204, the following:

"The ingredients of this crime are (*a*) that the person be over sixteen years; [this element is not required in our statute] (*b*) that the pistol, revolver, or other firearm be concealed upon his person; and (*c*) that he have no written license therefor. . . .

"Failure to allege each and every one of these elements in an indictment would render it fatally defective. (Citations.)"

And in *Brown* v. *United States,* 66 A. 2d 491 (M.C.A. D.C., 1949), in construing the Section of the Penal Code of the District of Columbia which provides that no person will carry a weapon "without a license therefor issued as hereinafter provided," it was held that said phrase "is not to be treated as an exception to the statute but rather as a descriptive part of the offense, an 'adjectival' or descriptive negative defining the *corpus delicti.* The phrase is incorporated in the definition; it is an integral element of the crime."

To that same effect see *United States* v. *Waters,* 73 Fed. Supp. 72; *People* v. *Ross,* 212 Pac. 627, and the lengthy Annotation in 153 A.L.R. 1218–1401, especially at pp. 1299–1302.

Since the information in the instant case did not contain an essential element of the offense, said information is insufficient and, consequently, the judgment appealed from must be reversed and the case remanded to the lower court in order that the information be amended or a new one filed if the facts so warrant it and it is deemed proper.