THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PERFECTO SEGARRA MALDONADO, Defendant and Appellant.

No. 15700. Argued December 3, 1954.—Decided December 29, 1954.

*Ramón R. Cabrera* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The defendant was charged with bearing a revolver on July 26, 1952 without having a license therefor issued either by the Superior Court, Ponce Part, the district in which he is domiciled, or by the Chief of Police of Puerto Rico, in violation of § 7 of Act No. 17, Laws of Puerto Rico, 1951, as amended. He was also charged with an attempt to kill Crispiniano Santiago on the same day, by shooting at him with a revolver four times, without hitting him. Both cases were tried together before a jury; the defense was based on an alibi. The defendant was found guilty on the firearms charge and was also convicted of aggravated assault. He was sentenced to six months in jail on the latter charge and to one to two years' imprisonment in the penitentiary for violation of § 7 of the Weapons Law.

The first assignment is that the judgment rendered in the firearms case is contrary to law as the People failed to prove that the defendant did not have a license to carry arms. The defendant relies on *People* v. *Rivera,* 73 P.R.R. 402, and *People* v. *González,* 75 P.R.R. 409. Those cases hold that under §§ 7 and 8 of the Weapons Law an

information must allege, as an essential element of the offense, that the defendant had no license to carry a firearm. But, as we pointed out in *People* v. *Negrón*, 76 P.R.R. 323, the result is different where the question is one of proof, not of allegations. Lack of registration of a still must be alleged where the charge is possession thereof without registration. *People* v. *Negrón, supra*. In the same way, an information must allege that the defendant was bearing a firearm without having a license therefor. *People* v. *González, supra; People* v. *Rivera, supra*. However, in both cases, once the People has put the defendant on notice by making the negative averment, it is not incumbent upon the prosecution to adduce positive evidence to support such a negative averment which if untrue could be readily disproved by the production of a document or other evidence readily within the defendant's control. *People* v. *Negrón, supra*, and cases cited therein; IX Wigmore on *Evidence*, 3rd ed., § 2486, p. 275, cases cited in footnote 3; *People* v. *Ross*, 212 Pac. 627 (Cal., 1922); *People* v. *Grass*, 141 N.Y.Supp. 204 (N.Y., 1913); *Annotation* 153 A.L.R. 1218; see *People* v. *Colón*, 35 P.R.R. 306.[1]

The People charged the defendant with bearing a firearm without having a license therefor and proved that he was bearing a revolver on the date named in the information. A presumption of illegal bearing thereupon arose which the defendant was entitled to refute by proving if he could that he had a license to bear it. In the absence of such proof establishing the said defense and showing that the defendant fell within the exception in the statute for those having licenses to bear a weapon, the jury was justified in finding

---

[1] There are some cases to the contrary where the record of such licenses is in one place readily accessible to the prosecution. *United States* v. *Waters*, 73 F.Supp. 72 (Dist. Ct., D.C., 1947) and *Brown* v. *United States*, 66 A.2d 491 (D.C., 1949). We see no reason for drawing such a distinction in this jurisdiction.

the defendant guilty as charged in the information. The first error was not committed.

 The second assignment is that the punishment imposed in the firearms case is not in accordance with the statute. The defendant argues that the jury convicted him of aggravated assault, a misdemeanor; that § 38 (d) of the Firearms Act provides that the punishment on a firearms charge shall be a jail term of not less than 6 months nor more than 2 years when the weapon is used in the commission of any of the misdemeanors specified in § 17 of the Act; and that he should have been sentenced pursuant to § 38 (d) as aggravated assault ". . . is the same as an attempt to commit aggravated assault and battery", which is included under § 17.

The *Fiscal* of this Court concedes that the punishment herein must be imposed to be served in jail rather than in the penitentiary. We agree with the statement in his brief reading as follows: "If it is considered that the defendant used the revolver in the commission of one of the misdemeanors listed in § 17 of the Weapons Law (because aggravated assault constitutes an attempt to commit aggravated assault and battery) the punishment to be imposed is governed by the provisions of § 38 (d) of the said Weapons Law, which as we have seen provides for punishment of a jail sentence of not less than 6 months nor more than 2 years. If, on the other hand, it is believed that aggravated assault is not one of the crimes contemplated in § 17 of the Act, then the punishment to be imposed must necessarily be that prescribed in § 38 (a), which is a jail sentence of not less than 6 months nor more than 2 years. It is noted that in either event the punishments provided are identical with terms in jail and not the penitentiary." Accordingly, we shall accept the recommendation of the *Fiscal* that the firearms case be remanded for a sentence in accordance with the principles of law stated herein.

For the reasons stated, the judgment in the firearms case will be set aside and the case will be remanded in order that the Superior Court may enter a new judgment therein consistent with this opinion. The judgment sentencing the defendant to six months in jail on the charge of aggravated assault will be affirmed.[2]

---

[2] The defendant makes no argument in his brief with reference to the judgment in the aggravated assault case.