EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* PERFECTO SEGARRA MALDONADO, acusado y apelante.

Número 15700.

*Sometido:* 3 de diciembre de 1954. *Resuelto:* 29 de diciembre de 1954.

*Ramón R. Cabrera,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge y Rafael L. Ydrach Yordán, Fiscal Interino, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Al acusado se le imputó la portación de un revólver el día 26 de julio de 1952 sin tener licencia para ello expedida por el Tribunal Superior, Sala de Ponce, distrito de su domicilio, o por el Jefe de la Policía de Puerto Rico, en violación del art. 7 de la Ley núm. 17, Leyes de Puerto Rico de 1951 (Leyes de 1950–51, pág. 427), según fué enmendada. También fué acusado de atentado a la vida el mismo día contra Crispiniano Santiago disparándole con un revólver cuatro veces, sin lograr herirle. Ambos casos fueron vistos conjuntamente ante jurado; su defensa fué la de coartada. El acusado fué declarado culpable de portar armas y también de acometimiento grave. Se le sentenció a seis meses de cárcel por el segundo delito y de uno a dos años de presidio por violación del art. 7 de la Ley de Armas.

■■ El primer señalamiento es que la sentencia dictada en el caso de portar armas es contraria a derecho por haber dejado el Pueblo de probar que el acusado no tenía licencia para portar armas. El apelante descansa en *Pueblo* v. *Rivera*, 73 D.P.R. 440 y *Pueblo* v. *González*, 75 D.P.R. 436. Estos casos sostienen que bajo los arts. 7 y 8 de la Ley de Armas una acusación debe alegar, como elemento esencial del delito, que el acusado no tiene licencia de portar armas. Pero, como dijimos en *Pueblo* v. *Negrón*, 76 D.P.R. 346, el resultado es diferente donde el problema es uno de prueba, no de alegaciones. La no inscripción de un alambique debe alegarse cuando la imputación es la posesión del mismo sin tenerlo registrado. *Pueblo* v. *Negrón*, supra. Asimismo, una acusación debe alegar que el acusado portaba un arma de fuego sin tener licencia para ello. *Pueblo* v. *González*, supra; *Pueblo* v. *Rivera*, supra. Sin embargo, en ambos casos, una vez el Pueblo le ha hecho conocer la situación al acusado mediante la alegación negativa, no es obligación del fiscal el aducir evidencia afirmativa para sostener tal alegación negativa, que de ser falsa puede ser fácilmente controvertida mediante un docu-

mento u otra evidencia a los cuales el acusado tenga acceso. *Pueblo* v. *Negrón*, supra y casos allí citados; IX Wigmore, *Evidence*, 3ra. ed., sec. 2486, pág. 275, casos citados en el escolio 3; *People* v. *Ross*, 212 Pac. 627 (Cal., 1922); *People* v. *Grass*, 141 N. Y. Supp. 204 (N.Y., 1913); *Annotation* 153 A.L.R. 1218; véase *Pueblo* v. *Colón*, 35 D.P.R. 331. (¹)

El Pueblo imputó al acusado el portar un arma de fuego sin tener licencia para ello y probó que portaba un revólver en la fecha indicada en la acusación. Una presunción de portación ilegal surgió entonces, la cual el acusado estaba llamado a controvertir probando, si podía, que tenía licencia para portarla. En ausencia de tal prueba estableciendo la mencionada defensa y demostrando que el acusado caía dentro de la excepción en el estatuto para aquéllos que tienen licencias para portar un arma, el jurado estaba justificado en hallar al acusado culpable de lo que se le imputaba en la acusación. El primer error no fué cometido.

■ El segundo señalamiento es que la pena impuesta en el caso de portar armas no se ajusta a la ley. El acusado sostiene que el jurado lo declaró culpable de acometimiento grave, delito menos grave; que el art. 38 (*d*) de la Ley de Armas provee que la pena por el delito de portar armas será pena de cárcel de no menos de 6 meses ni más de 2 años cuando el arma es usada en la comisión de cualquiera de los delitos menos graves especificados en el art. 17 de la Ley; y que él debió haber sido sentenciado a tenor con el art. 38 (*d*) porque el acontecimiento grave ". . . no es otra cosa que una tentativa para cometer un delito de acometimiento y agresión grave", que está incluído bajo el art. 17.

El Fiscal de este Tribunal admite que la pena en este caso debe ser impuesta para ser cumplida en la cárcel y no en presidio. Estamos de acuerdo con la manifestación contenida

---

(¹) Hay algunos casos en sentido contrario cuando el récord de tales licencias está en un sitio de fácil acceso al ministerio fiscal. *United States* v. *Waters*, 73 F. Supp. 72 (Dist. Ct., D. C., 1947) y *Brown* v. *United States*, 66 A.2d 491 (D. C. 1949). No vemos motivo para establecer tal distinción en esta jurisdicción.

en su alegato que dice como sigue: "Si se considera que el acusado utilizó el revólver en la comisión de uno de los delitos menos graves especificados en el art. 17 de la Ley de Armas (por constituir el acometimiento grave una tentativa para cometer el delito de acometimiento y agresión grave) la pena a imponerse está gobernada por las disposiciones del inciso d, art. 38 de la referida Ley de Armas, que como hemos visto establece pena de cárcel no menor de seis meses ni mayor de dos años. Si por el contrario se estima que el acometimiento grave no es uno de los delitos contemplados en el art. 17 de la Ley, entonces la pena a imponerse ha de ser forzosamente la prescrita en el inciso a, art. 38, que es una de cárcel por un término no menor de seis meses ni mayor de dos años. Nótese que en uno u otro caso las penas provistas son idénticas y de cárcel no de presidio." Por consiguiente, aceptaremos la recomendación del Fiscal de que el caso de portar armas sea devuelto para una sentencia en armonía con los principios de derecho aquí consignados.

*Por los motivos antes expuestos, la sentencia en el caso de portar armas se dejará sin efecto y se devolverá el caso para que el Tribunal Superior dicte una nueva sentencia en el mismo consistente con esta opinión. La sentencia condenando al acusado a seis meses de cárcel por el delito de acometimiento grave será confirmada.* ([2])

---

([2]) El acusado nada dice en su alegato con referencia a la sentencia en el caso de acometimiento grave.