Carl Rodgers ALLEN, Appellant,

v.

UNITED STATES, Appellee.

No. 3393.

District of Columbia Court of Appeals.

Submitted Jan. 21, 1964.

Decided Feb. 28, 1964.

"(2) Polo Field.

"(3) Banneker Recreation Center, north side.

"(4) Monument Grounds, Sylvan Theater.

"(5). Watergate.

"(6) Bunker Hill Park.

"(7) Lincoln Park." [1]

William Bachrach and Frederick C. Timberlake, Washington, D. C., for appellant.

David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Donald Hirsch, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction for violating Title 36, Code of Federal Regulations, Section 3.20. This section, pertaining to the National Park Service, provides:

"(a) *Available areas.* Public meetings and assemblies may be held and speeches and the expression of views publicly may be made in the following places, * * * subject to the condition that an official permit therefor be first obtained.

"(1) Anacostia Park west of Eleventh Street.

The information charged that appellant "in a park area administered by National Capital Parks, National Park Service, in the District of Columbia, to wit: within the area known as the Monument Grounds, did make a speech, against the form of the statute * * *." The face of the information contained the following caption: "Violation of Title 36, Section 3, Code of Federal Regulations." [2] Appellant contends, *inter alia,* that the evidence was insufficient to support his conviction. We agree.

At the trial appellee asked the court to take judicial notice of 36 C.F.R. § 3.19 [3] and 36 C.F.R. § 3.21. [4] The latter section requires an official permit for a speech *"in any park area other than the areas described in §§ 3.19, 3.20 and 3.22."* This distinction proved crucial as the testimony progressed for it became evident that appellant's speech had not been made on a portion of the Monument Grounds adjacent to the Sylvan Theater, but on a portion of the Monument Grounds which might be classified as "any park area." Counsel

1. 36 C.F.R. § 3.5 provides: "(a) *Regulations in this part.* Any person violating any of the provisions of this part, except violations of traffic and motor vehicle regulations in park areas in the District of Columbia, shall, upon conviction thereof, be punished by a fine of not more than $500 or imprisonment for not exceeding six months or both."

2. Appellant contends that the information failed to state an offense by omitting the phrase "without a permit." While appellee introduced evidence to overcome this omission, it failed to formally amend the information. Such failure has been considered fatal. See Sutton v. United States, 157 F.2d 661 (5th Cir. 1946).

Compare United States v. Waters, 73 F. Supp. 72 (D.D.C.1947).

3. 36 C.F.R. § 3.19 provides: "Parades, ceremonies, entertainments, and functions of all kinds, are prohibited in park areas unless authorized by an official permit, * * *."

4. 36 C.F.R. § 3.21 provides: "Public meetings and assemblies may be held and speeches and the expressions of views publicly may be made in any park area other than the areas described in §§ 3.19, 3.20 and 3.22 subject to the condition that an official permit therefor be first obtained. * * * *"

for appellee recognized this variance by stating in his closing argument:

"It is my understanding of these regulations, and it is on that point that I asked the court specifically for the purpose of clarity and exactness to take judicial notice of 3.19 to 3.21, that the offense is committed under 3.21.

"I think it is clear from the testimony, and that it is quite clear from the section of the Regulations that the reference to the Monument Grounds, Sylvan Theater, is merely a reference to the Sylvan Theater in 3.20, just as the reference in that same section to the Banneker Recreation Center, north side, has reference to the north side of the Banneker Recreation Center.

\*    \*    \*    \*    \*    \*

"The actual language that has been violated, and the criteria that are involved in proving permit applications fall under Section 3.21."

The trial court, however, stated in its finding:

"The other question is whether or not there has been proof that the regulations were violated by the performance of a speech within the Monument Grounds.

"The only defined area of the Monument Grounds that is before the court is that in simple words in Section 3.20, which says: 'Monument Grounds.'"

The court concluded that the testimony of the arresting officer was sufficient to prove the speech was made within the Monument Grounds.

We think the interpretation of Section 3.20 advanced by appellee at trial was correct. We hold that the phrase "Monument Grounds, Sylvan Theater" in Section 3.20 refers only to that portion of the Monument Grounds adjacent to the Sylvan Theater. Since the evidence placed appellant on another portion of the Monument Grounds, his conviction under Section 3.20 cannot stand.

Reversed with instructions to enter judgment of acquittal.