El Pueblo de Puerto Rico, demandante y apelado, *v.* José García Dones, acusado y apelante.

No. 4399.—*Sometido:* Abril 10, 1931. *Resuelto:* Abril 21, 1931.

*Rafael Rivera Zayas,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

La denuncia en este caso expresa que el 11 de noviembre de 1929, en el poblado Venezuela, Sabana Llana, Distrito Judicial Municipal de Río Piedras, José García Dones ilegal, voluntaria y maliciosamente, y para fines de ofensa y defensa, llevaba sobre sí un revólver, arma mortífera, y no la llevaba por razón de deporte, profesión u oficio.

La Corte de Distrito de San Juan, Puerto Rico, declaró al acusado culpable del delito de llevar armas prohibidas y le condenó a cuarenta días de cárcel. Y el acusado ha apelado.

Cuatro errores se imputan por el apelante a la corte sentenciadora.

Se alega que la denuncia o acusación no aduce

hechos suficientes para imputar al acusado un delito de portar armas.

El acusado sostiene que en la denuncia se ha omitido decir que el acusado llevaba el arma en sitio que no era su propia casa o su finca, y que el hecho es contrario a la ley para tal caso prevista, y la paz y dignidad del Pueblo de Puerto Rico.

La Ley No. 14, de 25 de junio de 1924, define el delito en esta forma:

"Artículo 1.—Toda persona que ilegalmente portare o condujere cualquier arma o instrumento con el cual pueda causarse daño corporal, incurrirá en pena de prisión de un mes a seis meses."

El delito se constituye por el hecho de llevar sobre sí, o conducir, el arma o instrumento prohibido.

El artículo 5 de la ley establece los casos en que por razón de la clase de instrumento, o su destino, o por el sitio, o la persona, o alguna otra causa allí expresada, *no es aplicable* la ley, como ley penal.

Hemos visto la jurisprudencia citada por las partes en este caso. Cuando el hecho que constituye la excepción no es integrante en la definición del delito, y se expresa en una cláusula separada, no es necesario alegarlo en la acusación; ésta se encuentra completa si ha seguido esencialmente la definición estatutoria.

Los casos del artículo 5º., son, más que otra cosa, de exención. Y para ser alegados como defensa.

Otro de los errores señalados se refiere a la admisión de prueba oral con respecto a un proyectil que no fué traído como prueba.

Realmente, no puede darse gran importancia a este extremo.

Declaraba el testigo Emmanuelli, de la policía, y se le preguntó:

"P.—¿Ocupó algún arma? ¿Algún proyectil de algún arma de fuego?

"R.—No, señor.

"P.—¿Algún proyectil?

"R.—No, señor, me lo trajeron.

"P.—¿De manera que Vd. vió el proyectil?

"R.—Un proyectil que trajeron los testigos lo ví.

"P.—¿De qué calibre?

"Def.—Me voy a oponer a que se hable del proyectil.

"Fiscal.—Después puede venir el testigo cuando pueda hablar del proyectil; lo retiro para más tarde.

"Def.—El proyectil debería haber venido, que es la mejor prueba.

"Juez.—La corte admite la pregunta; ya el Tribunal Supremo ha resuelto que en estos casos no es necesario ni presentar el arma en evidencia; de manera que si no es necesaria el arma, el proyectil lo es menos."

El razonamiento del juez fué correcto. Decidido por este tribunal que no es de rigurosa necesidad la presentación del arma (*Pueblo* v. *Julián,* 18 D.P.R. 94, *Pueblo* v. *Nieves,* 35 D.P.R. 53), es indudable que la doctrina puede aplicarse a la presentación de una bala. No hubo, de parte de la corte, el error que se le atribuye por el apelante.

Se alega que la corte erró al declarar al acusado culpable porque la prueba presentada no es suficiente para ello. Hemos leído el récord taquigráfico, y en la prueba encontramos elementos más que suficientes para la declaración de culpabilidad que hizo la corte en este caso.

Hemos dejado para último punto a resolver, la asignación de error que aparece en primer término en el alegato; la de que la corte erró al declarar al acusado culpable de acuerdo con la Ley No. 14 de 1924, por ser ésta anticonstitucional y nula, por indefinida, vaga, general e incierta. La parte apelante entiende que en el caso *El Pueblo* v. *Cruz,* 34 D.P.R. 315, este tribunal fué más allá de sus facultades en la aplicación e interpretación de un estatuto penal.

Se nos alega que la redacción del artículo 1 de la ley está concebido en términos sumamente generales e inciertos. No estamos conformes. La tendencia más moderna es la de evitar el casuísmo y el extremado detalle, que resulta en la mayoría de las ocasiones perjudiciales para los fines de la

ley. Hay en el artículo de que nos ocupamos la "razonable certeza" requerida por las autoridades. La ley ha sido ya interpretada en el caso *Pueblo* v. *Cruz,* 34 D.P.R. 315, en forma que no creemos haya dejado pendiente duda alguna.

"Arma, según su significado corriente y la definición que de esa palabra da el diccionario de la Academia Española, es un instrumento destinado a ofender o defenderse; o en otras palabras, el instrumento destinado a fines de ofensa o defensa. Por consiguiente, al castigar el artículo primero de la ley de 1924 (p. 117) a cualquier persona que ilegalmente portare o condujere cualquier arma no puede referirse sino a los instrumentos destinados a ofensa o a defensa, como son los que se enumeraban en la ley de 1905 (Comp. 5994), y aunque es cierto que prescindió en 1924 de la enumeración de las armas prohibidas y usó una palabra general, sin embargo, el significado de esa palabra no comprende otras armas que los instrumentos destinados a fines de ofensa y defensa, como son los mencionados en la ley de 1905, y cualquier otro de igual naturaleza."

Al principiar este párrafo, ha seguido este tribunal el sistema de interpretación de que se habla en el artículo 14 del Código Civil; y, para solucionar cualquier duda, se ha seguido después la interpretación por comparación y analogía, que aparece del texto del artículo 17 del mismo código, y la por origen y razón de ser de la ley, que se encuentra autorizada por el artículo 18 del mismo cuerpo legal. Los preceptos citados son éstos:

"Artículo 17.—Las leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro.

"Artículo 18.—El medio más eficaz y universal para descubrir el verdadero sentido de una ley cuando sus expresiones son dudosas, es considerar la razón y espíritu de ella, o la causa o motivo que indujeron al poder legislativo o dictarla."

Aunque creemos que el artículo 1 de la ley es claro, si se necesitó acudir a interpretación, era perfectamente razonable, de parte de este tribunal, acudir a la comparación con

los artículos de la ley anterior que trataba del mismo delito, y por medio de una investigación cuidadosa, considerando la razón y espíritu de la ley, y las causas que tuvo la Legislatura para dictarla, resolver cualquier duda que pudiera ofrecerse. Para tal tarea de interpretación tienen amplio campo y suficiente autoridad los tribunales, ya que, en gran número de ocasiones, la aplicación de la ley requiere indispensablemente su interpretación.

No fué el tribunal más allá de sus facultades al interpretar la ley en aquel caso, ni en el de *El Pueblo* v. *Vadi,* 34 D.P.R. 462. En este último se interpretó el artículo 1, en conexión y comparación con el artículo 5 de la misma ley.

No se cometieron por la corte los errores señalados, *por lo que debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf no intervino.