EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* JOSÉ MENELIO RIVERA, ANTONIO RIVERA NIEVES y ANDRÉS PACHECO CALDERÓN, acusados y apelantes.

Núm. 15224.—*Sometido:* Abril 8, 1952. *Resuelto:* Abril 30, 1952.

*Luis A. Archilla Laugier,* abogado de los apelantes; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

El fiscal del Tribunal de Distrito de Puerto Rico, Sección de Bayamón, formuló acusación contra los aquí apelantes por

(¹) Pérez Díaz levanta varias cuestiones de derecho. Todas son frívolas y ninguna amerita discusión.

un delito de infracción al artículo 8 de la Ley de Armas de Puerto Rico (Ley núm. 17 de enero 19 de 1951, Quinta a la Duodécima Legislaturas Extraordinarias 1950–1951, pág. 427), alegando que allá para el día 22 de mayo de 1951 y en un barrio de Toa Alta, "los referidos acusados José Menelio Rivera, Antonio Rivera Nieves y Andrés Pacheco Calderón, ilegal, voluntaria, maliciosa y criminalmente poseían y transportaban en el automóvil Chevrolet, modelo 1950, tablilla 37245 para el año 1950–51 un revólver cargado marca Colt, calibre 38, niquelado, cachas de pasta brown, serie número 538904."

Visto el caso, el Tribunal de Distrito de Puerto Rico, Sección de Bayamón, declaró culpables a los acusados y primeramente los sentenció a cumplir penas de presidio pero en reconsideración, los sentenció a cumplir distintas penas de cárcel por considerar que el delito cometido, al demostrar la prueba que el revólver estaba descargado, era un *misdemeanor*, de acuerdo con el artículo 7 de la mencionada ley, y no un *felony* como lo era el imputado bajo el artículo 8.[1] No conformes los acusados apelaron y en su primer señalamiento de error impugnan por primera vez la suficiencia de la acusación por el fundamento de que la misma no aduce hechos suficientes constitutivos de una infracción al artículo 8, supra, ya que no se alegó que los acusados transportaban en el

---

[1] Los artículos 7 y 8 disponen lo siguiente:

"Artículo 7.—Toda persona que porte, conduzca o transporte cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave (*misdemeanor*), y si ha sido convicta con anterioridad de cualquier infracción a esta Ley o de cualquiera de los delitos especificados en el artículo 17 de la misma, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave (*felony*).

"Artículo 8.—Toda persona que porte, conduzca o transporte cualquier pistola, revólver o cualquier otra arma de fuego cargada, o que porte, conduzca o transporte cualquier pistola, revólver, o cualquier otra arma de fuego y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal pistola, revólver u otra arma de fuego, sin tener una licencia para portar armas expedida según más adelante se dispone, será culpable de delito grave (*felony*)."

vehículo relacionado en la acusación el arma descrita en la misma "sin tener una licencia para ello expedida como más adelante se dispone", según exige el mencionado artículo 8. (²) Siendo la cuestión planteada una de carácter privilegiado puede suscitarse por primera vez en apelación. *Pueblo* v. *Ortiz*, 69 D.P.R. 375, 378.

El Fiscal de este Tribunal concurre con los apelantes en cuanto a que el primer error señalado fué cometido.

■ Tanto el artículo 8 como el artículo 7 de la nueva Ley de armas, supra, dispone que el portar, conducir o transportar cualquier pistola, revólver u otra arma de fuego "sin tener una licencia para ello expedida" según se dispone más adelante en la ley, constituye un delito grave (*felony*) si el arma está cargada o se portan, conducen o transportan al mismo tiempo municiones que puedan usarse para disparar dichas armas, o un delito menos grave (*misdemeanor*) si dichas armas no están cargadas y no se portan, conducen o transportan las municiones que puedan usarse para dispararlas. Esta última interpretación de la primera parte del artículo 7 es forzosa, ya que la única diferencia existente entre sus disposiciones y las del artículo 8 es las que hacen referencia al hecho de que el arma esté cargada o no o a que se porten, conduzcan o transporten las municiones que puedan usarse para disparar tales armas.

Ahora bien, ambos artículos requieren que la portación, conducción y transportación se haga "sin tener una licencia para ello expedida". No tenemos duda de que dicha frase constituye una excepción a los delitos definidos en dichos artículos y lo que tenemos que resolver, de acuerdo con la regla establecida en esta jurisdicción—*El Pueblo* v. *Cortés*, 24 D.P.R. 208; *Pueblo* v. *Avilés*, 54 D.P.R. 272; *Pueblo* v. *Muñoz*, 57 D.P.R. 218; *Pueblo* v. *Ramírez*, 65 D.P.R. 680—es si la excepción ha sido incorporada a la definición del delito de manera tan inseparable que una acusación que la omita deja

---

(²) El mismo requisito exige el artículo 7, supra.

de exponer uno de los elementos del delito, siendo por tanto indispensable que en la acusación se niegue la excepción, es decir, que se expongan hechos tendientes a demostrar que el caso del acusado no se halla comprendido en ninguna de las excepciones de la ley. Como dijimos en *Pueblo* v. *Avilés*, supra, pág. 275:

". . . Si por el contrario la excepción se halla expuesta en cualquier otro artículo de la ley y el lenguaje que define el delito es tan independiente de la excepción que puede describirse el delito con certeza y exactitud sin necesidad de negar la excepción, en ese caso ésta se considera materia de defensa y como tal debe ser alegada y probada por el acusado."

Bajo las disposiciones de la Ley Prohibiendo Portar Armas (Ley núm. 14 de 25 de junio de 1924), vigente con anterioridad a la aprobación de la Ley núm. 17 de 1951, y que por su artículo primero hacía delito el portar o conducir cualquier arma o instrumento con el cual pudiera causarse daño corporal, resolvimos que las excepciones contenidas en el artículo 5 de dicha ley constituían una cláusula separada de aquélla en que se definía el delito y que por tanto, correspondía al acusado plantearla como defensa, sin que fuese necesario que dichas excepciones fuesen negadas en la acusación. *Pueblo* v. *Muñiz*, 45 D.P.R. 590; *Pueblo* v. *García*, 42 D.P.R. 142; *Pueblo* v. *González*, 36 D.P.R. 52.

No podemos aplicar dichos casos al interpretar la nueva Ley de Armas de Puerto Rico. Ésta aparentemente fué inspirada por la ley vigente en Nueva York y los artículos 7 y 8 de nuestra ley, supra, aunque no exactamente iguales, se asemejan a las secciones 1897(5) y 1897(5.a) del Código Penal de dicho estado, las cuales también contienen la frase "sin una licencia escrita para ello expedida, según se prescribe más adelante." Thompson, *Laws of New York*, 1935, Parte I, 1939. Interpretando la sección 1895(5) se resolvió en el caso de *People* v. *Grass*, 79 Misc. Rep. 457, 141 N. Y. Supp. 204, lo siguiente:

"Los elementos de este delito son (*a*) que la persona tenga más de dieciséis años; [este elemento no se exige en nuestra ley] (*b*) que la pistola, revólver u otra arma de fuego sea escondida en la persona; y (*c*) que no posea una licencia escrita para la misma. . . .

"El dejar de alegar todos y cada uno de estos elementos en una acusación la haría fatalmente defectuosa. (Citas.)"

Y en el caso de *Brown* v. *United States*, 66 A.2d 491 (M.C.A. D. C., 1949), al interpretarse la sección del Código Penal del Distrito de Columbia que dispone que ninguna persona portará una pistola "sin una licencia expedida para ello según se provee más adelante", se resolvió que dicha frase "no debe tratarse como una excepción al estatuto sino más bien como una parte descriptiva del delito, una negativa 'adjetival' o descriptiva definiendo el *corpus delicti*. La frase está incorporada en la definición, es un elemento integral del delito."

Al mismo efecto *United States* v. *Waters*, 73 F. Supp. 72; *People* v. *Ross*, 212 Pac. 627, y véase la extensa Monografía en 153 A.L.R. 1218–1401, especialmente a las págs. 1299–1302.

No habiéndose alegado en la acusación en el presente caso un elemento esencial del delito imputado, dicha acusación es insuficiente y en su consecuencia *debe revocarse la sentencia apelada y devolverse el caso al tribunal inferior para que se enmiende la acusación o se radique nueva acusación si los hechos lo justifican y procede.*