EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AUDELÍ JIMÉNEZ ORTIZ, acusado y apelante.

Número 15348.

*Sometido:* 17 de noviembre de 1952. *Resuelto:* 31 de diciembre de 1952.

*García Méndez & García Hermida,* abogados del apelante; *Hon. Secretario de Justicia Interino J. B. Fernández Badillo* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Interino Señor Snyder emitió la opinión del Tribunal.

El acusado fué convicto y sentenciado en el anterior tribunal de distrito a la pena de seis meses de cárcel por el delito de portar un arma prohibida en violación del artículo 4 de la Ley núm. 17 del 19 de enero de 1951, Leyes de Puerto Rico, Quinta a Duodécima Legislaturas Extraordinarias, 1950–1951 (pág. 427). El único señalamiento en apelación es que el tribunal inferior erró al declarar sin lugar la excepción perentoria presentada por el acusado.

La acusación decía en parte que el 16 de marzo de 1952 el acusado ". . . ilegal y voluntariamente portaba y conducía una cuchilla plegadiza, siendo dicha cuchilla, un arma mortífera, con la cual podía causarse daño corporal." Sostiene el acusado que este lenguaje no aduce hechos constitutivos de delito alguno bajo el artículo 4 de la Ley núm. 17, que prescribe así:

"Toda persona que posea, porte o conduzca cualquier arma de las comúnmente conocidas como 'black jacks', cachiporras o manoplas; toda persona que porte o conduzca cualquier arma de las conocidas como cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón o cualquier instrumento similar, y excepto cuando se portaren o condujeren en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación u oficio, e incluyendo además las hojas de navajas de afeitar de seguridad y garrotes cuando éstos se sacaren, mostraren o usaren en la comisión de un delito público o en la tentativa de cometerlo; y toda persona que usare contra otra cualquiera de las armas nombradas anteriormente en este artículo será culpable de delito menos grave (*misdemeanor*), y si ha sido convicta previamente de cualquier infracción a esta Ley, o de cualquiera de los delitos especificados en el artículo 17 de la misma, será culpable de delito grave (*felony*)."

El Fiscal se allana a la contención del acusado y hace suya la súplica de que se revoque la sentencia apelada. Convenimos con el argumento del acusado que en sustancia es el siguiente: el artículo 4 enumera taxativamente todas las

armas que el estatuto prohibe. Para aducir hechos constitutivos de delito bajo el artículo 4 era en consecuencia necesario que la acusación especificara una de las armas mencionadas en dicho artículo o alegara que era un "instrumento similar" a los enumerados en el estatuto. Por consiguiente la acusación es defectuosa ya que no se ajusta a ninguno de estos dos requisitos.

■ No hemos pasado por alto el hecho de que el artículo 4 establece el delito de portar una "faca" y que el artículo 44(*d*) de la Ley núm. 17 define la "faca" como que incluye "cualquier cortaplumas o cuchilla plegadiza con una hoja de tres (3) o más pulgadas de largo." Pero de la acusación no se desprende el largo de la cuchilla plegadiza; por tanto aquélla no aduce hechos suficientes para justificar la conclusión de que el arma aquí envuelta era una faca según ésta se define por el artículo 44(*d*).

■■ Al declarar sin lugar la excepción perentoria, el anterior tribunal de distrito concluyó que la cuestión del largo de la cuchilla plegadiza constituía una excepción al artículo 4 y era materia de defensa a ser alegada y probada por el acusado. El tribunal de distrito se basó en la parte en bastardillas de nuestro lenguaje en *Pueblo* v. *Avilés*, 54 D.P.R. 272, 275, que dice así: "Si la excepción ha sido incorporada a la definición del delito de manera tan inseparable que una acusación que la omitiera dejaría de exponer los distintos elementos del delito con suficiente exactitud y certeza, en ese caso es indispensable que en la acusación se niegue la excepción, es decir, que se expongan hechos tendentes a demostrar que el caso del acusado no se halla comprendido en ninguna de las excepciones de la ley. *Si por el contrario la excepción se halla expuesta en cualquier otro artículo de la ley y el lenguaje que define el delito es tan independiente de la excepción que puede describirse el delito con certeza y exactitud sin necesidad de negar la excepción, en ese caso ésta se considera materia de defensa y como tal*

*debe ser alegada y probada por el acusado.*" (Bastardillas nuestras.)

No estamos conformes con el tribunal de distrito. Si la acusación hubiera alegado que el acusado portaba una faca, aquélla no hubiera sido defectuosa. La dificultad estriba en que le imputaba la portación de una cuchilla plegadiza. Toda vez que ésta no está taxativamente enumerada en el artículo 4, es necesario recurrir al artículo 44 (*d*) para determinar si el portar tal instrumento constituye una infracción al artículo 4. Y el artículo 44 (*d*) expresamente establece la condición precedente de que la cuchilla plegadiza debe tener tres o más pulgadas de largo para que sea un arma prohibida. En su consecuencia, la regla referente a excepciones establecida en el caso de *Avilés* no es de aplicación a éste, toda vez que el largo de la cuchilla plegadiza es un elemento del delito. Además, aun cuando este caso envolviera una excepción, creemos que la cuestión del largo de la cuchilla plegadiza bajo el estatuto aquí envuelto, está tan interrelacionada con la definición del delito, que una acusación bajo el artículo 4 no sería válida a menos que expresamente niegue la excepción. *Pueblo* v. *Rivera,* 73 D.P.R. 440; véase *Pueblo* v. *Montalván,* 36 D.P.R. 794.

*La sentencia del anterior tribunal de distrito será revocada y se devolverá el caso para que el tribunal inferior determine si debe radicarse una nueva acusación bajo el artículo 157 del Código de Enjuiciamiento Criminal, ed. de 1935, o si debe tomar algún procedimiento ulterior no inconsistente con esta opinión.* Véanse *Pueblo* v. *Calero,* 68 D.P.R. 316; *Pueblo* v. *Rivera,* supra, pág. 444.

El Juez Asociado Sr. Marrero no intervino.