EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MODESTO VILLARRUBIA SÁNCHEZ, acusado y apelante.

Número 15349.

*Sometido:* 5 de junio de 1953. *Resuelto:* 15 de junio de 1953.

*José Veray, Jr. y Sandalio García Ducós,* abogados del apelante;

*Hon. Secretario de Justicia José Trías Monge, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Se trata de una apelación contra sentencia impuesta al apelante por el antiguo Tribunal de Distrito de Puerto Rico, sección de Aguadilla, por una infracción a la Ley núm. 82 de 4 de mayo de 1948 ((1) pág. 185), que prohibe la manufactura, posesión, uso, venta y transportación de los compuestos químicos conocidos generalmente como petardos, garbanzos, triquitraques, buscapiés, y cualesquiera otros análogos. En la acusación que fuera presentada contra el apelante se le imputó que "allá en o por el día 3 de diciembre de 1951 . . . ilegal, voluntaria y maliciosamente tenía en su poder y posesión noventa y nueve (99) compuestos químicos conocidos generalmente como cohetes pequeños". El apelante formuló excepción perentoria contra la acusación. La excepción fué declarada sin lugar, procediéndose a la vista del proceso en sus méritos.

Sostiene el apelante que debemos revocar la sentencia apelada, atribuyéndole al tribunal sentenciador varios errores, entre ellos, el haber declarado sin lugar dicha excepción perentoria, único señalamiento que es necesario discutir para resolver el recurso.

La sección 1 de la ley a que hemos hecho referencia dispone lo siguiente:

"Por la presente, se prohibe en Puerto Rico la manufactura, posesión, uso, venta y transportación de los compuestos químicos conocidos generalmente como petardos, garbanzos, triquitraques, buscapiés y cualesquiera otros análogos."

Arguye el apelante que la acusación es defectuosa porque no se alegó "que los cohetes pequeños constituyen un compuesto químico análogo a un petardo, análogo a un garbanzo,

a un triquitraque, o a un buscapié". A esta contención se allanó el fiscal, manifestando en su informe que:

"Para que el uso, transportación, venta o posesión de compuestos químicos no enumerados expresamente en el estatuto, puedan constituir delito público bajo la Ley núm. 82, supra, dichos compuestos químicos deben ser análogos, similares a los petardos, garbanzos, triquitraques y buscapiés. Es decir, deben estar comprendidos dentro del patrón (standard) establecido por el estatuto ya que no están prohibidos todos los compuestos químicos productos del arte de la pirotecnia.

"De ahí, que para que una acusación aduzca hechos constitutivos de delito bajo el Artículo 1ro. de la Ley núm. 82, supra, —si el compuesto químico no es de los expresamente enumerados—es necesario alegar que es análogo a éstos, o describirlo de tal suerte que de dicha descripción surja la analogía requerida."

Estamos de acuerdo con la contención del apelante y con las manifestaciones del Fiscal. Se habrá notado que la sección 1 de la Ley núm. 82 de 4 de mayo de 1948 enumera taxativamente ciertos compuestos químicos, refiriéndose después a *cualesquiera otros análogos.* En vista de ello, para que una acusación aduzca hechos constitutivos de infracción a dicha sección, es necesario que en la acusación se especifique uno o más de los compuestos químicos taxativamente mencionados en la ley, o uno o más análogos, que deberán describirse. *Pueblo* v. *Jiménez*, 74 D.P.R. 256. Por consiguiente la acusación es defectuosa, y debió prosperar la excepción perentoria.

*La sentencia será revocada y se devolverá el caso para que el Tribunal Superior, Sala de Aguadilla, determine si debe radicarse una acusación enmendada, o si debe seguirse algún procedimiento ulterior no inconsistente con esta opinión.*