EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GUMERSINDO GONZÁLEZ SUÁREZ, acusado y apelante.

Número 15482.

*Sometido:* 1 de octubre de 1953.   *Resuelto:* 29 de octubre de 1953.

*R. Atiles Moréu,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Ante la Sección de Ponce del antiguo Tribunal de Distrito de Puerto Rico El Pueblo de Puerto Rico formuló dos acusaciones contra Gumersindo González Suárez, en virtud de dos alegadas infracciones a la Ley de Armas de Puerto Rico (Ley núm. 17, aprobada el 19 de enero de 1951, Leyes de 1950–51, pág. 427), según ha sido posteriormente enmendada, especialmente, y en lo aplicable a este caso, por la Ley núm. 397, aprobada el 10 de mayo de 1951 ((1) pág. 993)). Se celebró una sola vista conjunta de ambos casos y el tribunal de Ponce, después de oír la prueba de ambas partes, declaró culpable al acusado en ambos casos, sentenciando al acusado a cumplir una pena de seis meses de cárcel en cada uno de los casos, a ser cumplidas concurrentemente entre sí.

El acusado ha apelado de ambas sentencias ante este Tribunal y ha radicado un solo alegato conjunto en cuanto a ambos casos, señalando varios errores. Consideraremos los casos separadamente. Uno de ellos se refiere a la alegada omisión de registrar o declarar por escrito una pistola y el otro a la alegada portación ilegal de la misma pistola.

### Registro o Inscripción del Arma

En la acusación en el caso número C–1966 de la Sección de Ponce del anterior Tribunal de Distrito de Puerto Rico, intitulado "Infracción Ley Registro de Armas" se alega, en síntesis, que el Fiscal formula acusación por un delito de infracción a la Ley número 17 de 19 de enero de 1951 (Ley de Armas), porque el acusado, "allá en o por uno de los días de septiembre de 1951, y en Ponce, Puerto Rico, que forma parte del Distrito Judicial de Puerto Rico, allí y entonces, voluntaria e ilegalmente, tenía y portaba sobre su persona, una pistola, sin haberla declarado en ningún momento, por escrito, al Jefe de la Policía Insular de Ponce, Puerto Rico, ciudad donde residía el acusado cuando tenía y portaba dicha arma de fuego".

La prueba del Ministerio Público consistió, esencialmente, en la versión de que el 22 de septiembre de 1951, en

la Calle Húcar de Ponce, y como resultado de una discusión en un baile, el acusado sacó una pistola de su bolsillo y disparó con ella. La prueba de descargo, no creída por el tribunal sentenciador, era tendente a demostrar que fué otra persona, y no el acusado, quien portaba el arma y había disparado con ella. Al terminar la prueba de cargo ocurrió lo siguiente:

"Lcdo. Noriega (abogado del acusado) : Señor Juez, el Fiscal me invitó a estipular que este hombre no tiene la pistola inscrita. Aceptamos que no tiene ninguna, porque no tenía ninguna que inscribir.

"Fiscal Morales: Esa es la estipulación. Entonces sometido.

"Juez: La Corte aprueba la estipulación."

Aunque el acusado-apelante no ha planteado la cuestión, debe revocarse y dejarse sin efecto la sentencia apelada, en el caso de la alegada omisión de declarar el arma, ya que los hechos alegados en la acusación no son suficientes para constituir un delito público.

Bajo la Ley núm. 14 de 8 de julio de 1936 ((2) pág. 129), tal como fué subsiguientemente enmendada, el poseer un arma sin inscribirla en el registro del municipio o distrito policíaco donde residía el acusado constituía de por sí un delito. Examinemos las disposiciones de la Ley de Armas (Núm. 17 de 19 de enero de 1951, según enmendada). El artículo 38, relevante a este caso, dispone lo siguiente:

"Artículo 38.—Toda persona convicta de violación al artículo 6, al artículo 7 o al artículo 29, de esta Ley será castigada de la siguiente manera:

"(a) Con pena de cárcel por un término no menor de seis (6) meses ni mayor de dos (2) años; o,

"(b) Con pena de presidio por un término no menor de un (1) año ni mayor de tres (3) años cuando haya sido convicta anteriormente por la comisión de alguno de los delitos referidos en el artículo 17 de esta Ley; o,

"(c) Con pena de presidio por un término no menor de dos (2) años ni mayor de cinco (5) años cuando el arma se

use en la comisión o en ocasión de la comisión de cualesquiera de los delitos graves, (*felonies*) especificados en el artículo 17 de esta Ley.

(*d*) Con pena de cárcel por un término no menor de seis (6) meses ni mayor de dos (2) años cuando el arma se use en la comisión de cualquiera de los delitos menos graves (misdemeanor) especificados en el artículo 17 de esta Ley."

Las penalidades impuestas son aplicables a las violaciones señaladas en los artículos 6, 7 y 29 de la ley. Los artículos 6 y 7 disponen lo siguiente:

"Artículo 6.—Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave (misdemeanor), y si ha sido convicta con anterioridad de cualquier infracción a esta Ley o de cualquiera de los delitos especificados en el artículo 17 de la misma, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave (felony).

"Artículo 7.—Toda persona que porte, conduzca o transporte cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave (misdemeanor), y si ha sido convicta con anterioridad de cualquier infracción a esta Ley o de cualquiera de los delitos especificados en el artículo 17 de la misma, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave (felony)."

Los artículos 6 y 7 transcritos convierten en delictivas la posesión, tenencia o portación de una pistola, revólver u otra arma de fuego, si la persona en cuestión no ha obtenido una licencia para ello. La acusación en el caso que nos ocupa (C–1966 del Tribunal de Ponce) expone que el acusado tenía y portaba sobre su persona, una pistola, sin haberla declarado en ningún momento, por escrito, al Jefe de la Policía Insular de Ponce, Puerto Rico, ciudad donde residía el acusado. No surgen de la acusación los elementos esenciales de los delitos señalados en los artículos 6 y 7, y,

especialmente, no se alegó ni se probó que el acusado hubiere dejado de obtener la licencia correspondiente. *Pueblo* v. *Rivera*, 73 D.P.R. 440.

El artículo 29, último de los tres artículos a que se refiere el artículo 38, al establecer penalidades, dispone lo siguiente:

"Artículo 29.— (*a*) El Jefe de la Policía de Puerto Rico deberá organizar el Registro de Armas creado en el cuartel general de la policía de acuerdo con la Ley núm. 14 aprobada en 8 de julio de 1936, según ha sido subsiguientemente enmendada, ajustando su organización y funcionamiento a las disposiciones de esta Ley y llevando el mismo en una forma sistemática y ordenada de manera que sea fácil la búsqueda de los nombres de las personas que tengan armas inscritas en Puerto Rico, así como los detalles esenciales sobre el arma inscrita. Este registro deberá ser sellado con el sello de la policía y debidamente custodiado.

"(*b*) Toda arma de fuego cuya tenencia y posesión sea autorizada después de entrar en vigor la presente Ley deberá ser inscrita en el registro de armas dispuesto en el inciso anterior, caso que no estuviere previamente inscrita. Si dicha arma no tuviera número de fábrica, o éste apareciere ilegible, el poseedor hará grabar su nombre completo sobre el acero de la parte trasera del mango del arma, y así lo hará constar en su declaración. El Jefe de la Policía de Puerto Rico entregará al declarante una constancia de dicha inscripción.

"(*c*) Las armas de fuego cuya tenencia, posesión o portación se autorizan de acuerdo con los números 2, 3 y 4 del inciso (*a*) y los números 1, 2, 3, 4, 5, 6 y 7 del inciso (*b*) del artículo 20 de esta Ley deberán inscribirse en el Registro de Armas anteriormente dispuesto, caso de no estar previamente inscritas.

"(*d*) Toda persona que a la fecha de la vigencia de esta Ley tuviere en su posesión un arma de fuego sin tenerla registrada de acuerdo con las disposiciones de la Ley núm. 14 aprobada en 8 de julio de 1936, según la misma ha sido subsiguientemente enmendada, estará obligada a inscribir la misma en el Registro de Armas creado por la referida Ley núm. 14 aprobada en 8 de julio de 1936, según ha sido subsiguientemente enmendada, a más tardar el trigésimo día después de aquél en que se haga la última publicación de los edictos que se ordenan en el inciso (*e*) de este artículo. Salvo lo dispuesto en otros

apartados de esta Ley las disposiciones de la Ley núm. 14 aprobada en 8 de julio de 1936 quedarán en toda su fuerza y vigor hasta que expire el término señalado en este inciso.

"(e) El Secretario Ejecutivo de Puerto Rico publicará, semanalmente, durante los sesenta (60) días siguientes a aquél en que entre en vigor esta Ley, en dos (2) periódicos de los de mayor circulación en la Isla y por estaciones radioemisoras de Puerto Rico, un edicto informando al público en general el período de gracia que concede esta Ley para la declaración de armas de fuego y llamando la atención hacia el último día que, de acuerdo con sus disposiciones, tienen las personas afectadas por la misma para declarar las armas que tuvieren en su posesión o dominio.

"(f) Toda persona que poseyere o tuviere bajo su dominio un arma de fuego y la perdiere o se le desapareciere, lo notificará por escrito dentro de los diez (10) días siguientes al en que tuviere conocimiento de su pérdida o desaparición, al Jefe de la Policía de Puerto Rico por conducto del Jefe de Distrito de la Policía de Puerto Rico en que residiere tal persona, y si no cumpliere tal obligación será culpable de delito menos grave (misdemeanor).

"(g) Toda persona que a la fecha de la vigencia de esta Ley tuviere en su posesión un arma de fuego cuya tenencia y posesión no estuviere autorizada por esta Ley ni pueda legalizarse bajo las disposiciones de la misma, deberá entregar dicha arma de fuego al Jefe de Distrito de la Policía de Puerto Rico del municipio donde radicare su residencia, a más tardar dentro de los treinta (30) días siguientes a la fecha de la vigencia de esta Ley. Cuando tal persona tuviere registrada a su nombre el arma de fuego así entregada, tendrá derecho a que se le satisfaga el importe de su valor de acuerdo con el justiprecio que hiciere el Jefe de la Policía de Puerto Rico, y si el interesado no estuviere conforme con el valor que se le hubiere dado al arma o armas así entregada, tendrá derecho a reclamar el pago de cualquier diferencia mediante procedimiento que se tramitará en la sección correspondiente del Tribunal de Distrito de Puerto Rico, cuya decisión será final y firme. El pago del precio de cualquier arma adquirida según antes se expresa se efectuará por el Tesorero de Puerto Rico, mediante libramiento del Auditor de Puerto Rico, con cargo a los fondos asignados para la adquisición de equipo de la policía, quedando por este medio expresamente comprometida la buena fe de El Pueblo de Puerto

Rico para pagar todas las diferencias que resultaren en el justiprecio de las armas así entregadas.

"(*h*) Cuando a tenor con lo dispuesto en el inciso anterior se entregare un arma que no estuviere registrada a nombre de la persona que hiciere la entrega, dicha arma será decomisada por el Jefe de la Policía de Puerto Rico, no pudiéndose iniciar ningún proceso por dicha posesión ilegal contra la persona que hiciere tal entrega voluntaria.

"(*i*) Toda persona que a la fecha de vigencia de esta Ley poseyere y tuviere inscrita a su nombre un arma de fuego en el Registro de Armas creado por la Ley núm. 14 aprobada en 8 de julio de 1936, según ha sido subsiguientemente enmendada, y a quien no se le autorizare para tener y poseer un arma de fuego de acuerdo con las disposiciones del artículo 15 de esta Ley, o que por tener algún arma en exceso de las que se le autorizaren a tener y poseer bajo las disposiciones de esta Ley, no pudiere continuar en la posesión de algún arma de fuego, deberá entregar dicha arma al Jefe de Distrito de la Policía del municipio donde residiere dentro de los cinco (5) días siguientes a la fecha en que se le notificare que le ha sido denegada su solicitud para tener y poseer un arma de fuego y se le requiriese la entrega de la misma. Toda persona que entregare un arma de fuego según se dispone anteriormente tendrá derecho a que se le satisfaga el valor de acuerdo con el justiprecio que haga el Jefe de la Policía de Puerto Rico, y si el interesado no estuviere conforme con el valor que se le hubiere dado al arma de fuego así entregada, tendrá derecho a reclamar el pago de cualquier diferencia mediante procedimiento que se tramitará en la sección correspondiente del Tribunal de Distrito de Puerto Rico, cuya decisión será final y firme. El pago del precio de cualquier arma de fuego adquirida por el Jefe de la Policía de Puerto Rico según antes se dispone, se efectuará por el Tesorero de Puerto Rico, mediante libramiento del Auditor de Puerto Rico, con cargo a fondos asignados para la adquisición de equipo de la policía de Puerto Rico, quedando por este medio expresamente comprometida la buena fe de El Pueblo de Puerto Rico para el pago de todas las diferencias que resultaren en el justiprecio de las armas así entregadas.

"(*j*) Las disposiciones de los incisos precedentes de este artículo no afectarán los procesos ya iniciados y que estuvieren pendientes en los tribunales por actos realizados antes de

la vigencia de esta Ley, y tales procesos se ventilarán de acuerdo con las disposiciones de las leyes vigentes a la fecha de la comisión de los hechos imputados.

"(*k*) Cuando falleciere una persona que posea una licencia para tener y poseer un arma de fuego, será deber de todo administrador, albacea o fideicomisario, o de cualquiera de ellos que actúe en Puerto Rico, y de cualquier subadministrador, agente o persona autorizada legalmente para administrar los bienes, notificar su fallecimiento al Jefe de la Policía de Puerto Rico dentro de los sesenta (60) días siguientes a la fecha del fallecimiento. La notificación expresará el nombre, residencia y circunstancias personales del fallecido y la marca, el calibre y el número de serie si lo tuviere, del arma inscrita a nombre del fallecido. El Jefe de la Policía de Puerto Rico dispondrá lo necesario para la guarda y tenencia de dicha arma de fuego por uno de los interesados o su depósito en el cuartel de la policía del municipio donde residía el fallecido, mientras se distribuye la herencia. Si el arma fuere adjudicada a un heredero que sea elegible para obtener una licencia de tener y poseer un arma de fuego, y si se le expidiere tal licencia, dicha arma de fuego será entregada a dicho adjudicatario. De serle denegada tal licencia, o de disponerse la venta de dicha arma de fuego en pública subasta la misma podrá ser adquirida únicamente por un comerciante en armas de fuego y municiones debidamente autorizado, según lo dispone el inciso (*d*) del artículo 22, y de no ser así adquirida dicha arma será entregada para su decomiso por el Jefe de la Policía de Puerto Rico tal como se dispone en el inciso (*c*) del artículo 19."

El inciso (*b*) transcrito determina que toda arma de fuego *cuya tenencia o posesión sea autorizada* después de entrar en vigor la ley, deberá ser inscrita en el registro de armas creado en el Cuartel General de la Policía, caso de que no estuviere previamente inscrita. El inciso (*b*) se refiere a la necesidad de inscribir armas cuya posesión o tenencia sea autorizada, esto es, que haya sido permitida en virtud de la expedición de una licencia bajo las disposiciones de los artículos 15 al 19 de la ley, que establecen el procedimiento de concesión de licencias de posesión y tenencia de armas de fuego a jefes de familia, comerciantes o agri-

cultores.  El artículo 6 crea el delito de poseer o tener un arma sin licencia para ello.  El inciso (*b*) del artículo 29 crea el delito de no-inscripción de un arma después de haber sido obtenida una licencia de posesión o tenencia.  La Ley 14 de 8 de julio de 1936 establecía un sistema de registro de armas, sin necesidad de obtención de licencias.  Los artículos 6 y 7, y el inciso (*b*) del artículo 29 de la actual Ley de Armas le dan énfasis a un nuevo sistema predicado en la necesidad de obtención de licencias.  La inscripción a que se refiere el inciso (*b*) del artículo 29 es un incidente y una secuela de la obtención de una licencia.  En síntesis, la omisión de inscribir un arma de fuego en el registro no constituye un delito, de por sí, bajo el ya citado inciso (*b*).  Independientemente de otros incisos del artículo 29 que pasaremos a considerar, el delito se comete al poseer, tener o portar un arma de fuego sin licencia, bajo los artículos 6 y 7, o al no inscribir el arma después de haberse obtenido la licencia.  En la acusación que estamos considerando no se alega que el acusado haya dejado de inscribir un arma de fuego "cuya posesión o tenencia sea autorizada" después de entrar en vigor la nueva ley de armas.  Por lo tanto, no se ha alegado en este caso violación alguna a las disposiciones del transcrito inciso (*b*) del artículo 29.

El artículo 38 dispone expresamente que una violación del inciso (*c*) del artículo 29 no constituirá delito.  El inciso (*d*) determina que toda persona que *a la fecha de la vigencia de la ley* actual de armas tuviere en su posesión un arma de fuego sin tenerla registrada bajo las disposiciones de la Ley núm. 14 de 8 de julio de 1936, según enmendada, venía obligada a inscribirla dentro de los treinta días de la publicación de los edictos ordenados en el inciso (*e*).  El inciso (*d*) se refiere obviamente a las personas que, al empezar a regir la Ley número 17 de 19 de enero de 1951 tenían o poseían un arma sin haberla inscrito previamente bajo las disposiciones de la anterior Ley número 14 de 8 de julio de 1936, ya derogada.  A esas personas se les dió una

nueva oportunidad de inscribir tales armas. (¹)   La omisión de inscribir dentro de esos 30 días constituía un delito.   Ni de la acusación surge que ésa haya sido la situación en el caso de autos.   Los demás incisos del artículo 29 no son relevantes a este caso, refiriéndose algunos de ellos, especialmente, a la obligación de entregar o devolver armas bajo determinadas circunstancias.

Podría alegarse que el resultado a que hemos llegado exoneraría de responsabilidad penal a una persona que, después de la vigencia de la Ley de Armas, estuviese en la posesión clandestina de un arma de fuego sin inscribirla. Independientemente del hecho de que nuestro dictamen se basa en las disposiciones expresas de los artículos 6, 7, 29 y 38 de la ley, conviene apuntar que el poseedor clandestino o ilegal podría estar sujeto a castigo penal bajo alguna de las siguientes circunstancias:

(1) Al poseer o tener un arma de fuego sin haber obtenido la licencia correspondiente.

(2) Al no inscribir el arma después de haber obtenido una licencia.

(3) En cuanto a un poseedor anterior, al no haber inscrito el arma después de haber vencido el término de 30 días a que se refiere el inciso (d) del artículo 29.

## PORTACIÓN DEL ARMA

■■■ Consideremos la segunda sentencia apelada, dictada en el caso núm. C–1965, del Tribunal de Ponce.   La acusación, intitulada: "Sobre Portar Armas", dispone, en parte, lo siguiente:

"El Fiscal formula acusación contra Gumersindo González Suárez, residente en Ponce, P. R., por un delito de Infracción a la Ley número 17 aprobada el 19 de enero de 1951,

---

(¹) Tomamos conocimiento judicial del hecho de que el último edicto a que se refiere el inciso (d) se publicó el 20 de junio de 1951. Los treinta días de gracia ya habían vencido, por lo tanto, el 21 de agosto de 1951.

conocida por Ley de Armas de Puerto Rico (Misdemeanor) cometido de la manera siguiente:

"Porque el referido acusado, Gumersindo González Suárez, allá en o por uno de los días de septiembre de 1951 y en Ponce, Puerto Rico, que forma parte del Distrito Judicial de Puerto Rico, allí y entonces, voluntaria e ilegalmente, tenía y portaba sobre su persona, una pistola, siendo dicha pistola un arma con la cual puede causarse daño corporal".

La responsabilidad penal del acusado en virtud de la portación ilegal del arma tendría que basarse, exclusivamente, en el artículo 7, al cual hace referencia el artículo 38 al crear ciertos delitos y penalidades. Ya hemos transcrito ambos artículos. El artículo 7 dispone, en parte, que toda persona que porte cualquier pistola, revólver u otra arma de fuego *sin tener una licencia para ello* expedida según se dispone en la ley, será culpable de delito menos grave (misdemeanor). En el caso de *Pueblo* v. *Rivera*, supra, este Tribunal resolvió que una acusación bajo los artículos 7 y 8 de la actual ley de armas, debe alegar, como requisito esencial para que pueda imputar un delito prima facie, que el acusado no tiene licencia expedida para portar el arma en cuestión, ya que la omisión de tener tal licencia ha sido incorporada a la definición del delito, en los artículos 7 y 8, de manera tan inseparable que una acusación que no la incluya deja de exponer uno de los elementos esenciales del delito.

En la acusación por portación de armas que estamos ahora considerando no se alega que el acusado haya dejado de obtener la licencia correspondiente. Por lo tanto, los hechos alegados en la acusación son insuficientes para constituir un delito.

En virtud de lo expuesto, *deben revocarse ambas sentencias.* Pero siguiendo la norma establecida en *Pueblo* v. *Rivera,* supra, y *Pueblo* v. *Jiménez,* 74 D.P.R. 256, *deben devolverse los casos a la Sala de Ponce del Tribunal Superior, para que se enmienden las acusaciones o se radiquen nuevas acusaciones si los hechos así lo justifican, y ello sea proce-*

*dente, y se tomen los procedimientos ulteriores procedentes
que no sean incompatibles con esta opinión.*

El Juez Asociado Sr. Marrero no intervino.