EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FIDEL OQUENDO QUIÑONES, acusado y apelante.

Número 16094.

*Sometido:* 11 de junio de 1956. *Resuelto:* 29 de junio de 1956.

*Otero Suro & Otero Suro,* abogados del apelante; *Hon. Secretario de Justicia José Trías Monge y Rafael L. Ydrach Yordán y Ramón C. Ruiz Sánchez, Fiscal y Fiscal Auxiliar, respectivamente, del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Fidel Oquendo Quiñones fué acusado ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, de haber infringido los arts. 6 y 8 de la Ley de Armas de Puerto Rico —núm. 17 de 19 de enero de 1951, sesión extraordinaria, pág. 427, 25 L.P.R.A. sec. 411. [1] Vistos los casos conjuntamente ante tribunal de derecho [2] se le declaró culpable en ambos y se le sentenció a sufrir seis meses de cárcel en el primero y de uno a dos años de presidio en el segundo. De las sentencias así dictadas, él apeló para ante este Tribunal y en el alegato que ha radicado en apoyo de sus recursos sostiene que: (1) "la acusación en el caso ... por infracción al art. 8 de la Ley de Armas de Puerto Rico no aduce hechos sufi-

---

[1] El art. 6 de la Ley de Armas de Puerto Rico—25 L.P.R.A. sec. 416—dispone:

"Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego *sin tener una licencia para ello expedida como más adelante se dispone,* será culpable de delito menos grave (*misdemeanor*), y si ha sido convicta con anterioridad de cualquier infracción a esta Ley o de cualquiera de los delitos especificados en el artículo 17 de la misma, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave (*felony*)." (Bastardillas nuestras.)

El art. 8 de la misma Ley—25 L.P.R.A. sec. 418—reza así:

"Toda persona que porte, conduzca o transporte cualquier pistola, revólver o cualquier otra arma de fuego *cargada,* o que porte, conduzca o transporte cualquier pistola, revólver, o cualquier otra arma de fuego y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal pistola, revólver u otra arma de fuego, *sin tener una licencia para portar armas expedida según más adelante se dispone,* será culpable de delito grave (*felony*)." (Bastardillas nuestras.)

[2] En el caso por infracción al art. 8 de la Ley de Armas, que es delito grave, el acusado renunció a que su caso fuera visto por jurado.

cientes para imputar un delito por el cual pueda castigarse al acusado"; y (2) "la prueba sobre posesión y portación de arma por el acusado es insuficiente para sostener las sentencias apeladas y por tanto incurrió el tribunal inferior en grave error de derecho al declarar culpable y condenar al acusado a base de dicha prueba." Los errores así señalados no han sido cometidos.

La acusación a que se hace referencia en el primer error citado lee en lo esencial así:

"El Fiscal formula acusación contra Fidel Oquendo Quiñones, residente en la Calle 11 Casa D-19, Bo. Amelia de Guaynabo, P. R., por una infracción al artículo 8 de la Ley de Armas de Puerto Rico ... cometida de la manera siguiente:

"El referido Fidel Oquendo Quiñones, allá para el día 12 de julio de 1956 y en el Bo. Amelia de Guaynabo, P. R., que forma parte del Tribunal de Primera Instancia, Tribunal Superior de Puerto Rico, Sección de Bayamón, ilegal, voluntaria y maliciosamente, portaba, conducía y transportaba un revólver cargado, sin tener una licencia al efecto expedida para portar armas por el Tribunal de Primera Instancia, Tribunal Superior de P. R., Sección de Bayamón, que es la Sección a la cual corresponde el domicilio del acusado en este caso, ni por el Jefe de la Policía de Puerto Rico, siendo dicho revólver un arma de fuego con la cual puede causarse grave daño corporal."([3])

Este Tribunal ha decidido en repetidas ocasiones que bajo la vigente Ley de Portar Armas, constituye delito la posesión, tenencia o portación de una pistola, revólver u otra arma de fuego sin haberse obtenido previamente una licencia para ello, o el no inscribirlos luego de haberlos obtenido. *Pueblo* v. *González*, 75 D.P.R. 436; *Pueblo* v. *Rivera*, 73 D.P.R. 440; *Pueblo* v. *Segarra*, 77 D.P.R. 736. En este caso, como se

---

([3]) La acusación en el caso por infracción al art. 6 alega en lo esencial que el referido acusado "tenía en su posesión y dominio un revólver, sin haber obtenido previamente una licencia expedida por el Jefe de la Policía de Puerto Rico para la posesión de la misma, ni por el Tribunal de Primera Instancia, Tribunal Superior de Puerto Rico, Sección de Bayamón, que es la Sección a la cual corresponde el domicilio del acusado en este caso, ..."

ha visto, se alega que el acusado reside en el barrio Amelia de Guaynabo y que él portaba, conducía y transportaba un revólver cargado, sin tener una licencia expedida al efecto por el Tribunal Superior de Puerto Rico, Sección de Bayamón, que es la sección a la cual corresponde el domicilio del acusado. Su contención a este respecto es que si bien se alega específicamente que él no tenía licencia para portar armas expedídale por la Sección de Bayamón del Tribunal Superior de Puerto Rico, ello es insuficiente, toda vez que en Puerto Rico hay otras secciones del Tribunal Superior que pudieron haberle expedido licencia para portar el arma en cuestión. Tal contención carece de fundamento, ya que por disposición expresa del artículo 21 de la Ley—25 L.P.R.A. sec. 431—"en adición a las licencias a que se refiere el artículo precedente, *podrá concederse licencia para portar, transportar y conducir una pistola o revólver por el Tribunal de Distrito de Puerto Rico* [4] *en su sección correspondiente al domicilio del solicitante previa audiencia del fiscal, . . ."* (Bastardillas nuestras.) Siendo la sección del Tribunal Superior del domicilio del acusado la llamada por ley a expedirle cualquier licencia para portar un arma, la alegación de que él tenía su residencia dentro del territorio de dicha sección y de que portaba, conducía y transportaba un revólver cargado sin tener una licencia expedídale por la referida sección del Tribunal Superior de Puerto Rico, era suficiente en derecho.

En el caso de *Pueblo* v. *Segarra,* supra, se imputó al acusado la portación de un revólver "sin tener licencia para ello expedida por el Tribunal Superior, Sala de Ponce, distrito de su domicilio, o por el Jefe de la Policía de Puerto Rico." El primer error allí señalado fué que la sentencia en el caso de portar armas era contraria a derecho, por haber dejado El Pueblo de probar que el acusado no tenía licencia para portar armas. En el curso de la opinión emitida dijimos que:

[4] Hoy día Tribunal Superior—véase la Ley 11 de 24 de julio de 1952 (ses. extr., pág. 31), 4 L.P.R.A. sec. 1.

": "... una acusación debe alegar·que el acusado portaba un arma de fuego sin tener licencia para .ello. *Pueblo* v. *González,* supra (75 D.P.R. 436) ; *Pueblo* v. *Rivera,* supra (73 D.P.R. 440). Sin embargo, en ambos casos, una vez el Pueblo le ha hecho conocer la situación al acusado mediante la alegación negativa, no es obligación del fiscal el aducir evidencia afirmativa para sostener tal alegación negativa, que de ser falsa puede ser fácilmente controvertida mediante un documento u otra evidencia a los cuales el acusado tenga acceso.

"El Pueblo imputó al acusado el portar un arma de fuego *sin tener licencia para ello y probó que portaba un revólver en la fecha indicada en la acusación.* Una presunción de portación ilegal surgió entonces, la cual el acusado estaba llamado a controvertir probando, si podía, que tenía licencia para portarla. En ausencia de tal prueba estableciendo la mencionada defensa y demostrando que el acusado caía dentro de la excepción en el estatuto para aquéllos que tienen licencias para portar un arma, el jurado estaba justificado en hallar al acusado culpable de lo que se le imputaba en la acusación...." Bastardillas nuestras.)

En el caso de autos se imputó al acusado, como hemos visto, que portaba un revólver sin tener licencia para ello expedídale por la Sección de Bayamón del Tribunal Superior. Al igual que en el caso de *Pueblo* v. *Segarra,* supra, surgió la presunción de portación ilegal, la cual el acusado estaba llamado a controvertir, cosa que no hizo en este caso. Véanse también, *Pueblo* v. *Rupizá,* 72 D.P.R. 744, 747; *Pueblo* v. *Pacheco,* 78 D.P.R. 24, 30. *Cf. Pueblo* v. *Olmo,* 56 D.P.R. 405.

■■ En innumerables casos hemos resuelto que en procesos por portar armas, cuando ésta no se presenta por no haber sido ocupada, la prueba del fiscal debe ser clara y convincente. *Pueblo* v. *Pacheco,* supra; *Pueblo* v. *Garcés,* 78 D.P.R. 102; *Pueblo* v. *Rupizá,* supra; *Pueblo* v. *Guzmán,* 52 D.P.R. 458; *Pueblo* v. *Carrillo,* 51 D.P.R. 365; *Pueblo* v. *Sánchez,* 50 D.P.R. 722; *Pueblo* v. *García,* 42 D.P.R. 142; *Pueblo* v. *Cartagena,* 37 D.P.R. 281. En este caso lo fué.

Veamos por ejemplo lo fundamental de las declaraciones de José Martínez Granado y Carmelo Méndez García, quienes como testigos de El Pueblo manifestaron:

*José Martínez Granado:*

"P. ¿En ese día, 12 de julio de este año 1955, como a las diez y treinta de la noche, dónde estaba usted?

"R. En el cafetín de Primitivo Colón Otero.

"P. ¿Estando usted, en esa noche, en ese cafetín, tuvo usted algún incidente con alguna persona?

"R. Yo estaba allí bebiendo cerveza cuando llegó este señor...

"P. Señalando al acusado para el récord ...

"R. ... el señor Fidel Oquendo Quiñones llegó y empezó a proferir palabras obscenas allí en el cafetín de Primitivo Colón Otero, y entonces se salió para la calle en donde yo estaba, y entonces se dirigió a mí y cuando se dirigió a mí, me dijo (aquí una serie de palabras obscenas). Entonces yo le dije 'usted es un charlatán', y cuando le dije así, sacó un revólver y me disparó un tiro y me cogió por aquí, por el pantalón.

"P. ¿Cómo era ese revólver?

"R. Era un revólver oscuro, como negro.

"P. ¿Usted el pantalón ahí, el pantalón que tenía puesto en esa noche, lo tiene ahí?

"R. Sí, señor.

"LA CORTE: Deje ver el pantalón.

"R. Por aquí está el tiro (señalando en el pantalón).

"LA CORTE:

"P. ¿Eso que tiene un roto es?

"R. Sí, señor, yo creí que me había quemado, porque yo sentí un caliente por aquí, por el pie.

"    .

"P. ¿Cómo usted describe ese revólver?

"R. Yo ví el revólver, yo ví un cabo negro, con cañón negro.

"    .

"P. ¿Usted le dice al tribunal que esto que tiene este pantalón es un balazo?

"R. Sí, señor.

"P. ¿Usted jura eso?

"R. Sí, señor. ..."

*Carmelo Méndez García:*

"P. ¿Durante la noche del 12 de julio de este año, aproximadamente a las diez y treinta de la noche, dónde se encontraba usted?

"R. Yo me encontraba en la esquina del cafetín del señor Primitivo Colón Otero, afuera, allí parado.

"P. ¿Usted sabe si allí ocurrió algún incidente, alguna pelea que usted viera?

"R. Cuestión de pelea no hubo.

"P. ¿Qué fué lo que usted vió?

"R. Yo lo que ví fué que pasó este muchacho por el lado mío, este muchacho José Martínez Granado y entonces me invitó a darnos unas cervezas, y yo fuí, que estaba Roberto Mercado allí, cuando, en esos mismos momentos, llegó el señor Fidel Oquendo Quiñones y entró al negocio del señor Primitivo Colón Otero y se dió un palo y salió hacia afuera, y empezó a decir palabras malas, a hablarle malo al muchacho éste, a José Martínez Granado. Entonces el muchacho éste José Martínez Granado le contestó 'más charlatán eres tú', y cuando le contestó así José Martínez Granado, entonces este señor (señalando al acusado) seguido le disparó con un revólver corto, negro: el revólver era negro, de cañón corto, negro.

"P. ¿A qué distancia estaba el acusado cuando le hizo el disparo a José Martínez Granado?

"R. De diez a veinte pies estaba de él.

"P. ¿Cuántos disparos le hizo?

"R. Uno.

". . . . . . . . .

"P. ¿Y qué fué lo que pasó?

"R. Que al llegar este señor (el acusado) le dijo a Martínez Granado unas palabras malas y Martínez Granado le contestó 'más charlatán eres tú', y ahí seguido sacó el revólver y le disparó este señor (el acusado) a Martínez Granado. ...."

Terminada la prueba de cargo, el acusado ocupó la silla testifical y su testimonio tendió a demostrar que en la noche en cuestión él no tenía ni disparó ningún arma de fuego. En sentido parecido se expresó su testigo José Serrano.

El conflicto en la prueba fué dirimido por el tribunal a quo y, a nuestro juicio, al hacerlo no cometió error. Creída la prueba del fiscal, ésta fué lo suficientemente clara y con-

vincente para demostrar que durante la noche en cuestión el acusado portaba un revólver, con el cual hizo un disparo. Véanse: *Pueblo* v. *Bastián,* 71 D.P.R. 843; *Pueblo* v. *Álvarez,* 50 D.P.R. 104.

*Las sentencias apeladas deben ser confirmadas.*

El Juez Asociado Sr. Belaval está conforme con el resultado.